THOMAS EDWARDS, Curator, *v.* R. C. BALLARD.

Although no real action would lie in Louisiana for lands situated in Mississippi, yet a suit brought to re-
cover the proceeds of those lands, from a defendant domiciliated in Louisiana, would fall within the
jurisdiction of our courts.

In a question of location, the only authorized evidence is a survey made by proper authority.

The plea of *res judicata* is without force, unless the object demanded in the former suit was precisely
the same as that demanded in the action pending.

The prescription of one year does not bar an action *en declaration de simulation.*

Good faith is essential to the acquisition of property by the prescriptions of five and ten years.

APPEAL from the District Court of the Parish of Madison, *Farrar, J.*

*A. F. Steele,* for plaintiff and appellant. *Snyder & Sparrow,* for defendant.

BUCHANAN, J. This is an action for the recovery of lands and slaves, and
their fruits, alleged to belong to the succession of *Silas Lillard,* administered by
plaintiff, and alleged to be in the possession of defendant, by virtue of simulated
conveyances from *Lillard.* The cause was tried by a jury, who found a verdict
for defendant. Plaintiff has appealed.

The plaintiff asked for a new trial, on several grounds :

1st. That the court had erred in ordering certain portions of plaintiff's peti-
tion to be stricken out, and in refusing to permit testimony to go to the jury in
relation thereto.

The petitioner alleges that *Silas Lillard,* deceased, of whose vacant estate plain-
tiff is curator, made two simulated sales of movable and immovable effects, to
the defendant, *Ballard,* for the purpose of defrauding *Lillard's* creditors, he, *Lil-
lard,* being then insolvent ; that one of those simulated sales was made at Nat-
chez, Mississippi, on the 18th February, 1840, and the other in Concordia parish,
Louisiana, on the 28th April, 1840. Various allegations are made of facts tend-
ing to show the simulation alleged ; and the petition concludes by a prayer for
judgment in favor of plaintiff against defendant, for the value of the property
conveyed (by the two sales alleged to be simulated) by *Lillard* to defendant, and
which has been alienated by defendant ; and also for the hire of slaves and pro-
fits of lands so conveyed, which are now in defendant's possession ; and for the
present value of the slaves of *Silas Lillard* now in defendant's possession, and for
general relief.

The portions of this petition which the District Court, on defendant's motion,
ordered to be stricken out, were those relating to the simulated sale of property
in Natchez, of the 18th of February, 1840, and to a quit claim conveyance of
said property, by defendant, to *Lillard's* widow.

The grounds of the motion to strike out were, that the allegations of the peti-
tion in question had no connexion with the prayers of the petition, nor is any
thing asked of defendant, based or depending in any way upon said allegations ;
that neither the property mentioned therein, nor its value, is demanded, nor could
said property be demanded of defendant in this action.

The plaintiff, on the trial of the cause, after the order to strike out, offered evi-
dence in support of the allegations in question, which being rejected by the court,
a bill of exceptions was reserved.

The order to strike out the allegations of the petition, appears to us clearly
erroneous. The allegations have a direct bearing upon the prayer of the petition.

The defendant is a resident of Madison parish, in this State, in which parish this suit was brought, and the defendant personally cited. And granting that no real action would lie in Louisiana for lands situated in Mississippi, we do not find the plaintiff's demand to be of that nature.

Instead of the petition claiming property situated in Mississippi, it seems to claim at the hands of plaintiff, the proceeds of property in Mississippi, which has been disposed of by defendant, and which he had acquired by the conveyance of the 18th of February, 1840. As to the place when that conveyance was made, we do not suppose, nor do we understand the counsel of defendant as maintaining, that this would affect the jurisdiction of our courts.

Another bill of exception was taken by plaintiff to the admission of the deposition of *H. O. McEnery.* The objection made to this testimony and overruled by the court, was, that the statements of this witness could only be legally proved by a survey and map of township No. 7, of range 7 east.

We think this objection should have been sustained. The witness was offered to sustain the allegation of defendant's answer, that the largest and most valuable portion of the land sold by *Lillard* to the defendant, on the 28th of April, 1840, was included within the limits of the Curry & Garland, or Bringier grant. His testimony was, that being Register of the land office at Monroe, in October, 1843, when public lands, including the township in question, were offered for sale under a proclamation of the President of the United States, the witness had been instructed by the Commissioner of the General Land Office, to withhold that township from sale, as being included in the Bringier claim. This appears to us a question of location, of which the only authentic evidence was a survey made by proper authority.

The defendant has pleaded the exceptions of *res judicata,* and of *prescription* in bar of this action.

The plea of *res judicata* is based upon a suit instituted by plaintiff against defendant, about two years prior to the institution of the present suit, and the verdict of a jury rendered in said suit about three months before the institution of this suit.

The object demanded in that suit, was not the same as that demanded in the present. The plea of *res judicata* cannot, therefore, be sustained. Civil Code, Art. 2265.

The prescription pleaded is that of one, of five, and of ten years.

The prescription of one year, does not bar this action, which is the action *en declaration de simulation   Cammack* v. *Watson,* 1 An. 132 ; *Erwin* v. *Bank of Kentucky,* 5 An. 4 ; see also 8 An. 453 ; 10 An. 20 ; 11 An. 265.

The prescriptions of ten and five years, pleaded by defendant, are those by which the property of lands and slaves is acquired by the possessor, who holds by a just title.

Good faith is an essential to the acquisition of property by this prescription. C. C. 3445. But bad faith is expressly charged in the petition. C. C. Arts. 3414, 3415.

The counsel for defendant refers us to the provision of the Code, Art. 3447, that good faith is always presumed in matters of prescription. But the same Article permits bad faith to be alleged and proved against the party in possession.

It is, therefore, adjudged and decreed, that the verdict and judgment of the court below, be set aside and reversed ; that this cause be remanded for a new

EDWARDS
*v.*
BALLARD

trial according to law, and to the principles enounced in this decision; and that defendant and appellee pay costs of appeal.

LAND, J., dissenting. Separate actions may be cumulated in the same demand or suit, unless one of them precludes, or is contrary to the other. C. P. 148, 149.

It has been held that an action of nullity may be cumulated with a petitory action.

Such is this suit; the plaintiff has cumulated an action of nullity with a petitory action. He sues to annul a sale of land and slaves, on the grounds of fraud and simulation, and to recover the property conveyed.

*He* cannot succeed in the petitory action, unless he also succeeds in the action of nullity.

Prescription has been pleaded to both actions, and if the plea is good, it disposes of the whole case.

The act of sale was executed, and the defendant was in possession of the property conveyed, more than ten years before the commencement of this suit, and has remained in possession ever since.

The revocatory action is prescribed by one year, to be computed from the time the creditor has obtained judgment against his debtor. C. C. 1980.

The *action* of nullity or rescission of contracts, testaments, or other acts, is prescribed by five years. C. C. 3507.

All *personal actions* are prescribed *by ten years*, unless prescribed by a *shorter period*. C. C. 3508.

The action to annul the sale *in* this cause, is one of the three mentioned, i. e. *a revocatory action, an action of nullity,* or a *personal action*.

In whatever light it may be viewed, it is prescribed by one, five or ten years.

As the plea of prescription *bars the action of nullity,* and as the plaintiff *cannot succeed in the petitory action* cumulated with it, *without annulling the sale;* in other words, without *succeeding in both demands,* the judgment should be affirmed.

The defendant cannot be deprived of his defence to a *personal action* by *its* cumulation with a *real one*.

MERRICK, C. J., concurred in this opinion.