FOURNET, Justice
 

 (concurring).
 

 I do not subscribe to that part of the majority opinion maintaining the defendant’s plea of res judicata for as was very aptly pointed out in the case of State v. American Sugar Refining Company, 108 La. 603, 32 So. 965, “The law of res judicata is stated with great simplicity and precision by article 2286, Civ.Code, as follows: ‘The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same qualities.’ This formula was borrowed by our Code from the Code Napoleon (article 1351); by the Code Napoleon from Pothier, Obligations, No. 889; and by Pothier from the Roman jurisconsults. It brings out with great distinctness the salient feature of the law of res judicata, namely,
 
 the identity that must exist as to thing demanded,
 
 cause of action, and persons in the two suits. * * * ‘The exception of the thing adjudged is stricti juris, and,
 
 if there should be any doubt as to the identity of the things claimed,
 
 or of the persons claiming them,
 
 it cannot be main
 
 tained.’ West v. His Creditors, 3 La.Ann. 529. ‘The plea of res adjudicata is without force, unless the object demanded in the former suit was precisely the same as that demanded in the .action pending.’ Edwards v. Ballard, 14 La.Ann. 362. ‘The only test as to the effect of a decree is its finality as to the matters embraced in it, and its having the requisites of article 2265 (2286) of the Civil Code.’ Kellam v. Rippey, 3 La. Ann. [202] 203. ‘The authority of res adjudicata takes place only with respect to what was the object of the judgment.’ Succession of Durnford, 1 La.Ann. 92. * * *
 
 Our court has never wavered, that we know of, in the rigid exaction of the three
 
 unities.” (Italics mine.)
 

 
 *138
 
 Thus it may be seen that in order for the plea of res judicata to prevail the demand must not only be between the same parties and formed by them against each other in the same qualities, and founded on the same cause of action, but the
 
 "thing demanded must be the same.”
 

 With all due respect to the views expressed in the majority opinion, it is impossible for me to conceive how the thing demanded in this suit, being
 
 the amounts due
 
 the plaintiff under insurance policies issued by the defendant
 
 for the period beginning May 1, and ending July 31, 1945
 
 (with statutory penalties and attorney fees for failure to timely pay these amounts), can be said to be the same thing demanded by the insured in his reconventional demand
 
 {the amounts due him tmder these policies for the period beginning March 1, 1944, and ending March 31, 1945, with penalties and fees),
 
 in the former suit when the insurer sought a declaratory judgment against the insured in federal court on the question of his total and permanent disability, particularly when the federal court judgment contains the stipulation that
 
 "there is reserved to defendant Henry M. Picard the right to sue for any disability income payments claimed by him to be due, and not paid, accruing after April 1, 1945,
 
 and date of the accrual of the last disability income payment merged in this judgment.” (Italics mine.)
 

 Thus it may be seen that the monthly payments accruing after April 1, 1945, were not only not adjudicated upon in the judgment pleaded as res judicata but the very rights here sought to be enforced were specifically reserved to the plaintiff in that federal court judgment.
 

 The fact that the insurance company had a right to appeal the decision rendered against it in the federal court and exercised that right has no bearing on the issue raised by the plea of res judicata in this case now under consideration. As pointed out in the case of Bankson v. Mutual Benefit Health & Accident Association, 208 La. 1008, 24 So.2d 59, 64, while the insurance company is entitled to its hope that it will ultimately secure a judicial determination in its favor and the hope that the federal court would not follow the Louisiana law with respect to what constitutes total permanent disability but would follow the law as laid down by the federal court in the case of Metropolitan Life Ins. Co. v. Pitcher, 5 Cir., 108 F.2d 621, it was not entitled to these things “at the expense of the assured — except upon just and reasonable grounds.” The judgment on appeal can do nothing except make final the “thing adjudged.” In my opinion the company’s rights to an appeal can only be considered in determining, on the merits, the reasonableness of the company’s refusal to promptly pay under the policy upon demand in considering the assessment of penalties.
 

 Under the express provisions of Act No. 310 of 1910 insurance 'companies in this
 
 *139
 
 state are prohibited from delaying payments due the insured more than 30 days after due proof is made (Section 1),'where such delay is “without just and reasonable grounds such as to put a reasonable and prudent business man on his guard” (Section
 
 2),
 
 under the penalty of paying “double the amount due under the terms of the policy or contract, during the period of delay, with attorney’s fees to be determined ■by the tribunal before whom suit is instituted.” Section 3.
 

 I do not believe, however, that under the facts of this case it can be said that the insurance company was without just and reasonable grounds in refusing to pay the amounts maturing after the judgment was rendered in the federal court and while the matter was on appeal. For this reason I concur in the decree in this case.