## No. 8859.

### BUCK & BEAUCHAMP VS. BLAIR & BUCK.

A judgment in litigation, under an action in nullity, is a litigious right. The transfer of a portion of such a judgment by the owner thereof to his attorney, in part payment of fees due to the latter in the case, is a giving in payment within the meaning of Article 2655 Civil Code and it thus presents the purchase by the attorney of a litigious right falling under the prohibition of Article 2447 of the Civil Code.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston, J.*

*E. D. White* and *E. H. Farrar*, for Plaintiff and Appellee:

1. A judgment is a litigious right as long as an action to annul it is pending.

2. An attorney-at-law who practices in the Court where such a judgment was rendered and where the action of nullity pends, cannot acquire it by transfer in settlement of an agreement to collect the same on a contingent fee of fifty per cent. C. C. Art. 24, 2447.

3. After a dissolution of a commercial firm, each and every partner must be cited individually ; and a judgment rendered upon a citation, served after dissolution, on one of the partners, is null as to the partner not cited, whether notice of dissolution was ever published or not. Brashear vs. Dwight, 2 A., 404; Montegut vs. West & Bro., 30 A., 55.

4. Where a defendant has not been cited and an unauthorized appearance is made for him by an attorney, the judgment will be declared null. Marvel vs. Manouvier, 14 A., 3 ; Ridge vs. Alter. 14 A., 866.

5. Drafts drawn by a consignor against the proceeds of cotton in the hands of his factor, accepted by the latter and not paid by him at maturity, but taken up and paid by the drawer, do not constitute a fiduciary debt, excepted as such from a discharge in bankruptcy, under the law of the United States. Baines vs. Adams, 33 A., 46.

6. If a suit is pending against a bankrupt, at the time of his adjudication, and such adjudication is not pleaded, this would not preclude the bankrupt from pleading his discharge, provided the discharge in bankruptcy is not granted until after the rendition of the judgment in the State Court. Rogers vs. Western Ins. Co., 1 A., 161; Keeting vs. Arthur Stone & Co., 27 A., 590 : 79 North Carolina, 334; 55 Indiana, 52; 87 New York, 303.

7. The cause or consideration of a contract is always open to explanation between the parties. Big. on Estoppel, 318-20; Sarannia vs. Courrege. 13 A., 25.

8. Nothing but a clear, unambiguous promise to pay a debt discharged by bankruptcy can revive it. Neither partial payments nor the payment of interest amount to such a promise. 18 Wallace, 1; 10 R., 115; 3 A., 101; 4 A., 401; 5 A., 669.

Buck & Beauchamp vs. Blair & Buck.

*H. H. Bryan* and *T. M. Gill* for Defendant and Appellant:

1. One who *purchases* a part of a judgment, has himself *subrogated* of record as the *owner* of the *whole*, *contests* with another his title and right to be declared. to be the owner of the *whole*, seeks in that *contest* to have the *whole* declared satisfied and *paid*, which contest is decided adversely to him, is *judicially estopped* thereafter, from contesting its validity or opposing the enforcement of that part not purchased by him. 2 A. 269, 667; 4 A. 416; 5 A. 18; 6 M. 279; 3 A. 619; 7 A. 71; 14 A. 140; 18 A. 64; 23 A. 764; 26 A. 185, 706; 27 A. 314; 28 A. 60; 29 A. 171, 353, 406; 30 A. 441, 1147.

2. In ascertaining the nature of a plea, resort must be had not only to the petition, but to the documents annexed and made part of it and in case of conflict or doubt, the latter must control and the pleadings are to be most strongly construed against the pleader. 32 A. 1029; 33 A. 732; 33 N. S. 69; 1 Este's Pleadings and Forms, pages 157 and 140; 1 Chitty's Pleadings, 261, Perkin's Edition, 1876; Stephen's Pleadings, page 333, Tyler's Edition, 1876.

3. A plea of payment admits the validity and existence of the thing claimed, and it is legally presumed to continue to exist until such plea be made good, nor can testimony be heard to the contrary.

4. Where one alleges the *payment* of the *whole* or of the part of a judgment, though such allegation be false in fact, it is true as to him, and is an *acknowledgment and qualification* of and *acquiescence* in its validity and a renunciation of these means and exceptions he might have opposed to its enforcement. 4 R. 127; 5 R. 354, 366; 23 A. 27, 524; 32 A. 947; 18 A. 64; 2 L. 265.

5. Parol testimony is inadmissible to vary, alter, explain or contradict an authentic act or to show what may have been done or said before, at the time or after the making of the acts. 34 A. 767, 967.

6. The principle of law is that an attorney who appears in a cause, he being a sworn officer of the court, is duly authorized and did his duty. 6 A. 736; 25 A. 588.

7. An execution of a judgment cannot be stayed or enjoined upon grounds which could have been urged as a defense before judgment.

8. Where one claims to have a number of means and exceptions to oppose to the enforcement of a judgment and chooses to act on only some of them, he waives thereby the others; and having had his day in court, the judgment rendered on the proceedings and grounds elected, is *res adjudicata* and an estoppel both upon the issues presented and those which he failed to present, though he could have done so. 14 A. 575; 31 A 212; 71 Ind. 336; 79 N. Y. 634; 7 Wall. 96, 110; 4 Otto (94 U. S.) 358; 3 How. 102; Hempstead, U. S., C. C. 440; 1 McLean, U. S., C. C., 452; 18 How. 420; 12 A. 613, 192; 72 Ind. 466; 101 U. S. 688.

9. A judgment obtained during the pendency of bankrupt proceedings, said proceedings and the adjudication not having been pleaded, cannot be effected by said bankrupt proceedings or by a discharge obtained after the judgment said discharge being pleaded too late, and is no bar to the enforcement of the judgment which is *res adjudicata*. 26 A. 41- 2; 29 A. 17, 719; 31 A 344; III American R. 483 (102 Mass. 472); 30 Me. 459; 36 Me. 15; 5 Cush. 86; 2 Denio, 74; 6 Hill, 255; 21 Vt. 45; 15 Mo. 303; 60 Ga. 532; 61 Ga. 58, 500; 80 N. C. 329; 55 Miss. 249; 10 A. 338; *In re* Gallison Lowell's U. S. C. C., volume 2, page 72; *Re* Ferguson, Hughes' U. S. Court Reports, volume 2, page 286; 52 Iowa, 158; 33 A. 778, 1094.

The opinion of the Court was delivered by

POCHÉ, J.    This litigation grows out of the following facts and proceedings:

In the suit of Buck & Beauchamp vs. Blair & Buck, judgment by default was rendered, in June, 1871, against the defendants as partners and personally, in the sum of $11,816 43.

In October, 1875, Sam'l H. Buck filed a suit in nullity of said judgment, alleging want of citation, want of authority in the counsel who appeared in his behalf and urging his discharge in bankruptcy; which suit is yet undecided.

In 1878, Buck negotiated a compromise of said judgment, which was transferred to G. W. Cary, a friend of his, by the plaintiffs, for the sum of $1100—the written transfer by the plaintiffs containing the following qualification or reservation: "it being the true intent and meaning hereof to convey to the said Geo. W. Cary a one-half interest in the said claim vs. Blair & Buck, the other half being owned and controlled by T. M. Gill, Esq., of New Orleans."

On the 7th of January, 1879, Cary presented this act of transfer to the district court, moved to be subrogated to the rights of plaintiffs and suggesting satisfaction of the judgment, obtained an order granting both reliefs. On the 21st of the same month the court *ex proprio motu* rescinded its order, for the reason that Cary owned but a half interest in the judgment and could not control its entirety.

Whereupon Geo. W. Cary proceeded by rule to be recognized as sole owner of the judgment, alleging the frequent disclaimer of Gill to own any interest in said judgment; and alleging in the alternative that Gill could have acquired no legal title to any part of the judgment, by reason of a prohibitory law inhibiting him from purchasing a litigious right falling under the jurisdiction of a tribunal in which he practiced as an attorney at law.

From a judgment against him, Gill took an appeal to this Court, where the judgment of the lower court was reversed in so far as it recognized Cary as the owner of more than a one-half interest in said judgment. 34 A. 767.

On the 1st of May, 1881, Gill, using the name of the original plaintiffs, issued execution for one-half of the judgment for his own exclusive benefit. Whereupon Sam'l H. Buck obtained an injunction of said execution, through a petition, in which he alleged the same causes of nullity which he had urged in his suit in nullity and added a denial of Gill's ownership, predicated on the alleged nullity of his purchase of a litigious right which fell under the jurisdiction of the tribunal in which he exercised his functions as attorney-at-law. Gill and the sheriff were made parties to this injunction suit, which resulted in a

judgment in favor of Buck. Gill's appeal from that judgment is the litigation with which we are now concerned.

In defense, appellant urged numerous exceptions, many of which have been abandoned on appeal; the points now presented being the following:

1. The plea of estoppel predicated on the fact that Buck having, through a person interposed, negotiated for the purchase of the judgment, and having moved to enter satisfaction of said judgment, must be held to have recognized the validity of said judgment and is therefore estopped from setting up the nullity of the same.

2. The plea of *res adjudicata* predicated on the decree of this Court on the first rule of Geo. W. Cary for subrogation to all the rights of Buck & Beauchamp, the original plaintiffs in the case, (34 A. 767), on the ground that the court therein disposed of the issues involved in the present proceeding.

I.

Under the conclusion which we have reached in the case, as now presented, the plea of estoppel has no practical application, for the reason that we shall rest our decision on the ground of nullity of Gill's purchase of a half interest in the judgment. In this view of the case, it becomes utterly unnecessary to pass upon the validity of the judgment as between Buck & Beauchamp and Buck, the appellee. Conceding that he may be estopped from setting up such nullity and that the judgment is valid and executory at the instance of the parties in whose favor it was rendered, these facts could not debar him from contesting the ownership of Gill of the judgment or of any part thereof.

II.

The plea of *res adjudicata* is not supported by the judgment of this Court invoked by appellant.

Our decree in that case does not pass upon or adjudicate appellant's rights of ownership in the judgment, but in very guarded terms it merely decides that Cary is not the owner of the half interest in said judgment claimed by appellant.

The issue involving the nullity of Gill's title was tendered by the plaintiff in the rule, who urged the nullity of his purchase of a litigious right under the prohibition of Art. 2447 Civil Code, but the issue was declined by him and, on his objection, it was specially excluded by us as an issue in the cause. Hence it was not passed upon and therefore it is not a thing adjudged.

An issue presented by the pleadings in a cause, but eliminated from the judgment of the Court, cannot be invoked in support of the plea

of *res adjudicata*.   Hoggate vs. Thomas, 35 A., not yet reported; Carroll vs. Hamilton *et al.*, 30 A. 520; Fink vs. Martin, 5 A. 103.

On the merits of the alleged nullity of appellant's purchase of an interest in the judgment, the record shows that his rights were acquired subsequently to the institution of Buck's suit for the nullity of the judgment.

Plaintiff's right of recovery was therefore seriously contested and was beyond a doubt a litigious right, which could not be enforced as final previous to the decision on the question of nullity by the tribunal vested with jurisdiction over the subject matter.   It also appears that appellant was an attorney-at-law exercising his functions in the tribunal where the contention was pending and that he accepted the transfer of a half interest in the judgment in settlement of his professional services rendered in the case.   Hence, it is clear that his acquisition has all the elements of nullity provided for in Art. 2447 of the Civil Code, which reads as follows:   " Public officers connected with courts of justice, such as judges, advocates, attorneys, clerks and sheriffs, cannot purchase litigious rights, which fall under the jurisdiction of the tribunal in which they exercise their functions, under penalty of nullity and of having to defray all costs, damages and interest."

While we are thoroughly convinced that appellant acted with good faith in his dealings with his clients and that his acquisition of an interest in the judgment afforded him the only opportunity of obtaining any compensation for his services from his clients, we cannot and must not hesitate to apply to his case the consequences prescribed in the plain and unambiguous provisions of our law, which strikes all such contracts with absolute nullity.

In the recent case of Duson, curator *et al.* vs. Lastie Dupré *et al.*, 33 A. 1131, we annulled a purchase by the sheriff of a court, of a tract of land, titles of which were contested in a suit pending in the court of which he was an officer.   Similar application of the rule was made in several cases decided by this Court.   Watson vs. Webb, 4 A. 173; Pipes vs. Norsworthy, 25 A. 557.

Our conclusion is, that appellant has no title or ownership in the judgment which he is attempting to execute as owner of one-half of the same and that his execution was properly enjoined.

As we have held, in the previous case, that Cary, who avowedly acted in behalf of Sam'l H. Buck, was not the owner of that part of the judgment, it follows that we have not the proper parties before us to justify an investigation into the alleged causes of nullity of said

judgment, based on the want of citation, want of authority in the counsel who appeared or with the question of his discharge in bankruptcy.

For the foregoing reasons, the judgment of the lower court, which perpetuated the injunction sued out by Sam'l H. Buck, is affirmed, with costs.

## On Application for Rehearing.

The earnestness with which appellant has pressed his application for a rehearing of this cause and the ability of his brief in support thereof, have caused us to review our opinion with great care and caution.

His main complaint is levelled at our conclusion as to the nature of his alleged acquisition of the one-half of the judgment, herein enjoined; and he suggests that a correct construction of our application of the provisions of Article 2447 of the Civil Code would lead to the conclusion that contracts made between attorneys and their clients, under which the attorneys would receive a percentage of the amount recovered in litigations entrusted to such attorneys, are prohibited by our law.

We have been very unfortunate in the use of language, if such an inference can be fairly drawn from any of our utterances in the decision of this cause. We distinctly deny any such intention and have no hesitation in recognizing the binding effect and validity of such contracts, without which many unfortunate litigants would be deprived of the only means of enforcing their rights. We have carefully examined and duly considered all the authorities cited by appellant in support of the legality of such agreements.

But the cases quoted present contracts where the attorney was allowed an interest in the suit in the shape of a proportion of the gains to be derived therefrom through the professional services of the contracting attorney. In the case before us, we have to deal with an attorney who went into the case without any such stipulation, who received, during the pendency of the suit, a part payment of his fees in money and who subsequently acquired, in payment of the balance due him by his clients, one-half of the judgment, which was then in litigation under our action in nullity, the other half of the judgment having been parted with by his clients in favor of and for the benefit of other parties.

Hence, in the execution enjoined herein, the attorney is not enforcing rights of his clients, with a stipulated proportion of the amount to

be realized to accrue to him, but, as he admits himself, he is pursuing the judgment debtor for his exclusive benefit and advantage, as the owner of the unpaid balance of the judgment, with which his former clients are no longer connected.

The fact that he acquired that portion of the judgment in part payment of his fees earned in obtaining the same, does not make it the less a purchase.

Art. 2655 of the Civil Code defines the giving in payment as "an act by which a debtor gives a thing to the creditor, who is willing to receive it in payment of a sum which is due." The similarity between the contract defined in that article and that of sale is strikingly apparent.

This is precisely the transaction which took place between Buck & Beauchamp, the debtors, and their creditor, the appellant herein; and we are painfully constrained to declare its nullity, under the provisions of Art. 2447 of the Civil Code.

We find no error in our conclusions and our decree must remain undisturbed.

Rehearing refused.

Mr. Justice Todd dissents from the decision refusing the rehearing.