(41 South. 226.)

No. 15,883.

Succession of LANDRY.

(May 7, 1906.)

ATTORNEY AND CLIENT—CONTINGENT FEES—VALIDITY OF CONTRACT.

An agreement that for his services in a litigation an attorney shall have one-half of whatever he may recover is not the purchase of a litigious right, and is valid.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, § 351.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

In the matter of the succession of George Landry. From a judgment enforcing a contract for attorney's fees, Augustin Daniel appeals. Affirmed.

See 38 South. 575, 114 La. 829.

Simeon Belden, for appellants Augustine and Victorine Daniel. Albert Voorhies, for appellee executrix. James J. McLoughlin and John G. Robin, for plaintiffs appellees. Felix J. Dreyfous, for appellee Alfred D. Danziger. Henry G. McCall, tutor ad hoc, appellee. Hyman Mithoff, tutor or curator ad hoc, appellee.

PROVOSTY, J. This is an appeal by Augustin Daniel from a judgment recognizing and enforcing a contract alleged to have made by him with two attorneys, by which, in compensation of services to be rendered by them in a certain litigation, he agreed to pay them one-half of whatever they might recover. The defenses are that the contract was never entered into, and, if entered into, is null because champertous. The appellant is one of several collateral heirs, all the others of whom entered into the same contract, and have not contested same. The case is submitted both on the merits and on motion to dismiss.

The conclusion we have reached on the merits dispenses us from saying more of the motion to dimiss than that it could not operate the dismissal of the appeal, in view of the fact that the clerk's certificate to the transcript is full and unqualified, and, therefore, protects the appellant.

The evidence establishes beyond controversy that the contract in question was entered into. So far as its validity is concerned we see no reason why attorneys should not be permitted to stipulate that they shall have by way of fees a certain proportion of whatever they may recover. In the case of Buck & Beauchamp v. Blair & Buck, 36 La. Ann. 21, on rehearing, this court had occasion to differentiate such a contract from one by which a litigious right is acquired.

Judgment affirmed.