FOURNET, Justice.
 

 This is an action under the provisions of Article 2447 of the Revised Civil Code to have the nullity of a certain instrument judicially recognized and is a sequel to the case of Hope v. Madison, 192 La. 593, 188 So. 711. From the judgment of the lower court maintaining defendant’s plea of res judicata and exceptions of no cause and no right of action, plaintiff has appealed.
 

 After the appeal was lodged here, Mrs. Eleanor M. Hope, plaintiff and appellant, died, and, by order of this court, the testamentary executor of her succession, Roy B. McPherson, was substituted as plaintiff and appellant in her place and stead. For the purposes of this case, however, when plaintiff is referred to, the reference is to the original plaintiff, Mrs.' Hope.
 

 The history of the case reveals that while plaintiff’s suit against C. N. Gordon, reported in 186 La. 697, 173 So. 177, was pending on appeal in this court, she executed a deed to one of her" attorneys of record, Charles C. Madison," of''Jackson-County, Missouri, defendant-- here, transferring to him an undivided one-third interest in and to the minerals in and under the property plaintiff was • Seeking- to recover in her said suit against Gordon.The consideration recited in the act of sale to her attorney is ‘.‘One Dollar and other valuable .considerations.” On .December 17, 1937, she (plaintiff.) instituted suit against-Madison to have .this; instrument set.aside
 
 *342
 
 and annulled on the ground that the same was executed without consideration, and, by supplemental petition, misrepresentation and fraud were urged as additional grounds for setting aside and annulling the instrument. Her demands were rejected by the lower court and on appeal the judgment was affirmed. See Hope v. Madison, supra.
 

 Following our decision in the matter, the present suit was instituted and is predicated on the provisions of the Revised Civil Code that “Public officers connected with courts of justice, such as judges, advocates,
 
 attorneys,
 
 clerks and sheriffs,
 
 can not purchase litigious rights, which fall under the jurisdiction of the tribunal in which they exercise their functions, under penalty of nullity,
 
 and of having to defray all costs, damages and interest.” Article 2447. (Italics ours.)
 

 As a bar to plaintiff’s right of recovery, the defendant pleaded the judgment in the former suit between him and plaintiff and exceptions of no cause and no right of action.
 

 The identical point raised in this case, although not pleaded in the former suit, was urged in plaintiff’s counsel’s supplemental brief, after the matter had been tried and submitted on the merits. The question was reurged in argument before us, and, in disposing of the matter, we said: “Courts can grant no relief for causes not complained of, and for that reason we shall not discuss or decide this point.” . Hope v. Madison, supra [192 La. 593, 188 So. 715].
 

 ■ It is plaintiff’s contention that the doc- . trine of the common-law • courts that res judicata includes not only everything pleaded in a cause but also that which might have been pleaded, does not generally prevail in Louisiana, the plea here being governed by and limited within the scope of Article 2286 of the Revised Civil Code. She further contends that the two suits are neither founded on the same cause of action, nor is “the thing demanded” the same, for the reason that in her former suit she sought to have the contract annulled on the ground of fraud, misrepresentation, and failure of consideration, while, by the present action, she seeks to have it judicially declared that the contract when made was null because it was violative of prohibitory law, and likens the difference between the two actions to the difference between an action en declaration de simulation and a revocatory action.
 

 Counsel for defendant, both in oral argument and in their brief, concede that the law and jurisprudence of this state with respect to the plea of res judicata is different, from the so-called common law doctrine and recognize that the provisions of the Revised Civil Code which govern the plea are stricti juris, but contend that the issue presented in the former and present suits is identical, i. e., the validity vel non of the deed from plaintiff to defendant; that plaintiff, having but one cause of action, was compelled to urge all of her reasons or grounds supporting the same in her former suit; and that, having failed to include:, therein the ground presently urged, she is barred from recovering in the present action -by the judgment in the former spit.
 

 
 *344
 
 A review of the decisions cited by counsel for defendant in support of their contention reveals that they are authority only for the following rules: (1) That generally a breach of contract or single tort gives rise to but one cause of action, which cannot be divided and made the subject of several suits, and if one suit is brought for a part of the claim, a judgment thereon may be pleaded in bar to a recovery for another portion of the claim in a second suit (Norton v. Crescent City Ice Manufacturing Company, 178 La. 135, 150 So. 855; P. Olivier & Sons v. Board of Commissioners of Lake Charles, 181 La. 802, 160 So. 419); (2) that in seeking injunctive relief, a litigant must set out all grounds or reasons therefor which existed at the time of his application (McMicken v. Morgan, 9 La.Ann. 208; Trescott v. Lewis, 12 La.Ann. 197; Porter v. Morere, 30 La.Ann. 230; Brooks v. Magee, 126 La. 388, 52 So. 551; Schwartz v, Siekmann, 136 La. 177, 66 So. 770; Givens v. Arcadia Cotton Oil and Mfg. Co., La.App., 175 So. 91); and (3) that parties litigant in a
 
 petitory action,
 
 whether plaintiff or defendant, must set up whatever title or defense they may have at their command or a judgment on that issue will bar a second action based on a right or claim which existed at the time of the first suit, even though omitted therefrom. Gajan v. Patout & Burguieres, 135 La. 156, 65 So. 17; Succession of Whitner, 165 La. 769, 116 So. 180.
 

 Our law and jurisprudence on the plea of res' judicata was concisely, and with emphasis, stated by this court in the case of State v. American Sugar Refining Company, 108 La. 603, 32 So. 965, to be as follows:
 

 “The law of res judicata is stated with great simplicity and precision by article-2286, Civ.Code, as follows: ‘The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by-them against each other in the same qualities.’ This formula was borrowed by our Code from the Code Napoleon (article-1351) ; by the Code Napoleon from Pothier,. Obligations, No. 889; and by Pothier from, the Roman jurisconsults. It brings out. with great distinctness the salient feature of the law of res judicata, namely, the-identity that must exist as to thing demanded, cause of action, and persons in the two suits. ‘Quae nisi omnia concurrant. alia res est,’ say the Roman jurisconsults. Cod.L. 12, L. 13, L. 14, fif, ‘De Except. Rei Jud.’ ‘Ce n’est que du concours simultanév de tous ces elements que peut resulterl’autorité de la chose jugée. En l’absence ■ de l’un d’entre eux, on ne saurait, sans violer la loi, écarter une instance nouvelle ■ par 1’exception de la chose jugée,’ says. Dalloz, No. 103, Repertoire de Legislation,. vo. ‘Chose Jugée,’ voicing the unanimous sentiment of the courts and writers of' France. And to the same effect are our own decisions. ‘The exception of the thing - adjudged is stricti juris, and, if there should . be any doubt' as to the identity of the things , claimed, or of the persons claiming them,...
 
 *346
 
 it cannot be maintained.’ West v. His Creditors, 3 La.Ann. 529. ‘The plea of res adjudicata is without force, unless the object demanded in the former suit was
 
 precisely
 
 the same as that demanded in the action pending.’ Edwards v. Ballard, 14 La.Ann. 362. ‘The only test as to the effect of a decree is its finality as to the matters embraced in it, and its having the requisites of article 2265 (2286) of the Civil Code.’ Kellam v. Rippey, 3 La.Ann. [202], 203. ‘The authority of res adjudicata takes place only with respect to what was the object of the judgment.’ Succession of Durnford, 1 La.Ann. 92. See, also, Thoms v. Sewell, 30 La.Ann. 359; Slocomb v. De Lizardi, 21 La.Ann. 355, 99 Am.Dec. 740; State [ex rel. Collens] v. Jumel, 30 La.Ann. 861; Carre v. City of New Orleans, 41 La.Ann. 996, 6 So. 893; Plicque v. Perret, 19 La. [318], 327; and enumerable other cases.
 
 Our court has never wavered, that we know of, in the rigid exaction of the three unities.”
 
 (Italics ours.)
 

 One of the most eminent of the modern French commentators, M. Planiol, in his work entitled
 
 Traite Elementaire de Droit Civil,
 
 treating of the subject “Exception of the Thing Adjudged,” makes the following comment on the use thereof:
 

 “In order to have the authority of the thing adjudged respected, the law places at the disposal of parties affected a special exception which is the ancient ‘exceptio rei judicatae’ of the Romans.
 
 But the law ordains that this exception must not serve to paralyze actions distinct from the first which skoult} remain independent of it, and it ordains them to state precisely in an exact manner that which has actually been judged the first time, in order to know that which may again be litigated.
 
 The thing adjudged is thus submitted to the relative analogy of that which has already been pointed out in connection with contracts: it has an indestructible authority but this authority is limited to a determined litigation.
 

 “To recognize in which case the exception of res judicata is applicable to a new demand, three conditions have long been established; it is necessary 1. That the second suit be between the same parties,, 2. That it be brought on the same object, and 3. That it have the same cause as the first. (Article 1351 [Code Napoleon]).” (Italics and [] ours.)
 

 This author defines a “cause” to be a “ * * * juridical or material fact which is the foundation of the right claimed or' the exception filed” and states further that “One will likely find no difficulty in regard to a claim having for its object a
 
 real right
 
 or a
 
 credit:
 
 the cause shall be the
 
 generating source
 
 of this right; as to the real right, it (the cause)' may be a purchase, a donation, a legacy, etc.; as to the credit, it (the cause) may be a loan, a surety, a sale of which the price is still due, a damage caused by a tort, etc.
 
 But difficulties arise im regard to actions in nullity, in rescission, in resolutory actions, or in any other similar actions.
 
 * * * ” (Italics and translation ours.)
 

 The author’s conclusion, in view of the jurisprudence dealing with or concerning actions of nullity, or similar ac
 
 *348
 
 tions, is that when irregularities or vices of form are the basis of such an action, all defects and irregularities must be included . in one action, as a judgment thereon forever bars the pleader from bringing another action for vice of form; however, that when a substantive right is the basis of such an action, a judgment thereon does not necessarily preclude the pleader’s right to renew his action on another distinct and disconnected cause of action against the same defendant, although the cause of action may have existed at the same time and might have been pleaded in the same suit. .
 

 In the case of Buck & Beauchamp v. Blair & Buck, 36 La.Ann. 16, this court said: “An issue presented by the pleadings in a cause, but eliminated from the judgment of the Court, cannot be invoked in support of the plea of res adjudicata.” See, also, Fink v. Martin, 5 La.Ann. 103; Carroll v. Hamilton et al., 30 La.Ann. 520; Hoggatt v. Thomas, 35 La.Ann. 298.
 

 In that case the court concluded that:
 

 “The plea of res adjudicata is not supported by the judgment of this Court [Buck v. Blair, 34 La.Ann. 767] invoked by appellant. * * *
 

 “The issue involving the nullity of Gill’s title was tendered by the plaintiff in the rule, who urged the nullity of his purchase of a litigious right under the prohibition of Art. 2447 Civil Code, but the issue was declined by him and, on his objection,
 
 it was specially excluded by us as an issue in the cause. Hence it was not passed upon and therefore it is not a thing adjudged.”
 
 (Italics and brackets ours.)
 

 When the first case between plaintiff and defendant was before us, this court not only declined to pass upon the issue urged in this case, but, in effect, recognized that the point raised here was a distinct cause of action, for we said: "Not once in either of her petitions did plaintiff mention the fact that, at the time she sold the mineral rights to the defendant, there was pending a suit involving ■ the title to these rights. She did not ask relief or judicial interference in her behalf because of that fact.
 
 That was not the cause of her complaint.
 
 The case was tried, argued, submitted, and briefed without mention of this point. The point was. first brought up by counsel in a supplemental brief.” And we • concluded that “Courts can grant no relief for
 
 causes
 
 not complained of,' and for that reason we shall not discuss or decide this point.” (Italics ours.) Moreover, such doubt as-there may be as to the identity of the causes in the two suits must be resolved in favor of plaintiff, and therefore the plea of res judicata in this case cannot be maintained. West v. His Creditors, 3 La.Ann. 529; State v. American. Sugar Refining Company, supra.
 

 We now pass to defendant’s exceptions of no cause and no right of action.
 

 The bases of the exceptions are (1) that the act, the nullity of which plaintiff is seeking to have recognized, was the transfer of an interest in the subject matter involved in the litigation of Hope v. Gordon, 186 La. 697, 173 So. 177, the consideration of which was for services rendered in that litigation and therefore expressly
 
 *350
 
 allowable under the provisions of Act No. 124 of 1906; (2) that the transfer of a litigious right, being a relative nullity, must be taken advantage of pendente lite; and (3) that the transferror of litigious rights cannot invoke the provisions of Article 2447 of the Revised Civil Code.
 

 Act No. 124 of 1906 is an act to amend and reenact Section 2897 of the Revised Statutes of 1870 so as to read as follows:
 

 “In addition to the privileges enumerated in title twenty-first of the Civil Code of Louisiana, a special privilege is hereby granted to attorneys-at-law for the amount of their professional fees on all judgments obtained by them, and on the property recovered by said judgment, either as plaintiff or defendant, to take rank as a first privilege thereon.”
 

 The act also provides “ * * * that, by written contract signed by the client, attorneys-at-law may acquire as their fee in such matter an interest in the subject matter of the suit, proposed suit or claim, in the prosecution or defense of which they are employed, whether such suit or claim be for money or for property, real, personal or of any description whatever. * * *»
 

 It is plaintiff’s contention that, in order to give effect to Act No. 124 of 1906, the transfer by the client to his or her attorney of an interest in the subject matter of the suit must be quo ad the employment of the attorney by his client and in writing, and that inasmuch as plaintiff alleged in her petition that there was no written contract of employment between herself as client and defendant as attorney, in which the interest in the matter was transferred to defendant, it necessarily follows that the exception to Article 2447 made by Act No. 124 of 1906, according to the allegations of her petition, has not been met.
 

 Prior to the adoption of the Act of 1906 it was permissible for an attorney-at-law to contract with a client for the payment of his fee conditioned on his success in recovering property or collecting a claim. Clay v. Ballard, 9 Rob. 308, 41 Am.Dec. 328; Buck & Beauchamp v. Blair & Buck, 36 La.Ann. 16; Succession of Landry, 116 La. 970, 41 So. 226; Andirac v. Richardson, 125 La. 883, 51 So. 1024. Furthermore, a deed executed by a client to his attorney of an interest in the subject matter of proposed litigation is permissible! independently of the provisions of Act No. 124 of 1906. McClung v. Atlas Oil Company, 148 La. 674, 87 So. 515; Sanders v. Ditch, 110 La. 884, 34 So. 860, and cases cited therein.
 

 In the case of McClung v. Atlas Oil Company, supra, this court remarked [148 La. 674, 87 So. 518], “As was said by us in Sanders v. Ditch, 110 La. [884], 899, 34 So. 860 (decided before the act of 1906 was passed), there is nothing wrong or immoral in the act itself of conveying a right which is either in the process of litigation or may become litigated, and its illegality arises when and to the extent only which the express law makes it such.”
 

 By the express provisions of Act No. 124 of 1906, attorneys-at-law may acquire by written contract with their client, “an interest in the subject matter
 
 *352
 
 of the
 
 suit, proposed suit or claim,
 
 in the prosecution or defense of which they are employed.” (Italics ours.) This language clearly indicates that the provisions of the act were intended to cover cases where the contract was executed after, as well as before the commencement of litigation.
 

 While it is true that in the instant case there is nothing in the deed from plaintiff to defendant which identifies the plaintiff as the client of the defendant, nor is it stipulated therein that the same was executed for legal services rendered or to he rendered by the defendant, the con-1 sideration recited in, the act being “One Dollars and other valuable considerations,” plaintiff is nevertheless bound by the allegations of her petition that “* * * in truth and in fact no cash whatsoever was paid or intended to be paid to petitioner,
 
 the consideration for the convey'ance being legal services rendered and to be rendered by the said Charles C. Madison to
 
 petitioner(Italics ours.)
 

 In our opinion plaintiff, by alleging the true consideration for the execution of the deed to the defendant which, under the express provisions of the Revised Civil Code, Article 1900, could have been shown by defendant on the trial of the case on the merits, has brought the case within the exception to the provisions of Article 2447 intended by the Act No. 124 of 1906, and therefore the exceptions of no cause and no right of action filed by the defendant should have been sustained.
 

 The conclusion we have reached on this point makes it unnecessary to discuss the other points urged in support of the exceptions or to pass on the plea in abatement filed by the defendant in this court.
 

 For the reasons assigned, the judgment of the lower' court is affirmed at appellant’s cost.
 

 O’NIELL, C. J., does not take part.