PONDER, Justice.
 

 This is a suit to set aside a mineral lease and a mineral deed on the grounds of "'fraud and on the further grounds of inadequacy of consideration.
 

 
 *1038
 
 The plaintiff, Sue Galighan Aaron Mizer, is the owner of an undivided 1/2 interest in 8% acres of land, and the owner of an undivided 1/8 interest in 9 acres of land, more or less, in the Eola oil field, Avoyelles Parish, Louisiana. On July 26, 1939, the plaintiff executed a mineral deed conveying to Samuel J. Tennant, Jr., the defendant, 1/16 of her interest in the minerals and a mineral lease covering her entire interests in the lands. The consideration recited in each of these instruments was $100 cash and other valuable consideration. On this same date, the plaintiff executed a power of attorney to the defendant authorizing him to institute and conduct such proceedings as necessary to gain possession of the property and vindicate her title thereto. In this power of attorney the plaintiff conveyed to the defendant a 1/16 of her mineral rights and a mineral lease on her entire interest in the property. It was- recited in this instrument that the defendant agreed to institute all legal proceedings necessary to vindicate title and gain possession of the property at defendant’s cost. On January 27, one day after the plaintiff had executed the aforementioned instruments, the plaintiff executed a mineral lease to W. D. Hays, Jr., covering her interest in the entire property. One day thereafter, on January 28, 1939, the plaintiff instituted this suit seeking to cancel and set aside the defendant’s mineral lease and mineral deed on the grounds that it had been obtained from her through fraud, and on the further ground that the consideration given was inadequate. The defendant denied that the lease and deed were obtained through fraud, and denied that the consideration was inadequate. Further answering, the defendant averred that he was an attorney at law and that the plaintiff had secured his services as an attorney to investigate the conditions of the titles -to the property and take whatever legal steps necessary to vindicate the plaintiff’s title and gain posses-sion of the property. It is alleged that in consideration of the services rendered and to be rendered that the defendant was to have the mineral lease and the mineral interest as payment for his services. Upon these issues the cause was tried and the lower court rendered judgment annulling and setting aside the lease and the deed, and awarded the defendant the entire 1/8 royalty in the minerals based on the plaintiff’s undivided interest. From this judgment defendant has appealed. The plaintiff has answered the appeal and asked that the judgment be amended by disallowing the defendant the 1/8 royalty interest and as amended that the judgment be affirmed.
 

 From our examination of .the record we find that eight witnesses testified on behalf of the plaintiff. Four witnesses testified as to the value of the property. Two other witnesses did not know anything about -the transaction. The only witnesses offered by the plaintiff to prove what transpired at the time of the transaction was the plaintiff and Sarah Wade. While the plaintiff’s testimony is to . the effect that-, she did not understand the transaction and did not understand the purport of the instruments
 
 *1040
 
 when she signed them, yet she admits in her testimony that her stepson, issue of a prior marriage of her deceased husband, was in possession of the property and claimed to be the owner of it. It appears that she went out and secured witnesses to come to her place to witness the instruments. It also appears that this property was acquired by her deceased husband during his life-time, while she was living with him. There was no issue of the marriage of plaintiff and her deceased husband. Her deceased husband was father of several children, issue of a former marriage, who owned an undivided interest in the land. One of her stepsons has had possession of the property for a number of years, during, which time the plaintiff has never received any rent from it. The plaintiff at present is paying rent on another piece of property where she is now living. This testimony corroborates the testimony of the defendant and the recitals in the instrument to the effect that it was necessary to take some legal proceedings to vindicate the plaintiff’s title and secure possession of the property. The testimony of Sarah Wade is more favorable to the defendant than to the plaintiff.. The defendant’s testimony is to the effect that the plaintiff understood the entire transaction and that he thoroughly explained the instruments to her before she signed them. He also testified that she was' very elated over the transaction. His testimony is corroborated by that of Donald Madden, a witness to the transaction. Sarah Wade, the witness for the plaintiff, corroborates the defendant’s testimony to the effect that the plaintiff was highly elated at the time of the transaction and shortly thereafter.
 

 After carefully considering all the testimony in this case, we. are of the opinion that the disputed instruments were not obtained through fraud and that no undue advantage was taken of the plaintiff. The case cited by the plaintiff, Logan v. Walker, 152 La. 880, 94 So. 430, is not applicable because the facts in this case are entirely different. From analysis of the plaintiff’s testimony, it appears that the subsequent lease holder prompted this suit and that he in fact is conducting it.
 

 It appears from the testimony in this case that the cash consideration of $100 called for in the deed and in the lease was never paid and that the only amount paid the plaintiff was $10. The three instruments, the lease, the deed, and the power of attorney, coupled with a transfer of mineral interest and lease, were executed simultaneously and constitute one transaction. TJre entire transaction involved the employment of the defendant to gain possession of the property and to vindicate the title thereto. Such being the case the instruments must be construed together. While the consideration of $100 expressed in the deed and the lease was not paid, yet the evidence shows, that there was a true and sufficient consideration, the securing of the defendant’s, services to gain possession of the property and vindicate the title thereto. Article 1900, R.C.C.
 

 
 *1042
 
 From the testimony in this case it appears that property in this locality is worth between $1,500 and $2,000 an acre. Based on these figures the plaintiff’s undivided % interest in the 8% acre tract is worth between $750 and $1,000 an acre, and the plaintiff’s 1/8 undivided interest in the 9 acres would be worth approximately $200 to $300 an acre.
 

 Under the express provisions of Act 124 of 1906, the defendant was within his rights in acquiring an interest in the subject matter of a proposed suit or claim by written contract with his client to compensate him for his employment to gain possession of the property and vindicate the title thereto. Even prior to the adoption of Act 124 of 1906 it was permissible for an attorney at law to enter into a contract of this nature with his client for the payment of his fee conditioned on his success in recovering property or collecting a claim. A deed executed by a client to his attorney conveying to him an interest in the subject matter of the proposed suit is permissible independently of Act 124 of 1906. This court having so recently reviewed this subject matter in the case of Hope v. Madison, 194 La. 337, 193 So. 666, it could serve no useful purpose to again review the prior jurisprudence touching on this question other than make reference to this recent decision.
 

 For the reasons assigned, the judgment of the lower court is reversed and set aside and the plaintiff’s demands are rejected at her cost.
 

 LAND, J., absent.