BOLIN, Judge.
Plaintiff instituted suit against defendant for an accounting on specified loan transactions handled by defendant while em *240 ployed as manager of plaintiff’s office. It was alleged defendant acted for his personal benefit and violated his fiduciary relationship, entitling plaintiff to an accounting and recovery of judgment for the sum thus realized. Defendant filed a plea of res judicata, contending this same issue was adjudicated adversely to plaintiff in prior proceedings between the same parties wherein an exception of no cause of action was sustained, which judgment is now final. The lower court sustained the plea of res judicata and plaintiff appeals.
In order to accurately and fairly state the case we deem it necessary to set forth most of the pleadings verbatim, having reached this conclusion only after several unsuccessful attempts to more briefly state the issues. In the first suit plaintiff’s allegations were:
“1.
“That the defendant herein, Wilburn Benson is a resident of Caddo Parish, Louisiana, employed at 808 Jordan Street, Shreveport, Louisiana, and that the defendant is justly and truly indebted unto your petitioner in the full sum of $300.00 plus costs and legal interest from date of judicial demand, for this, to-wit:
“2.
“That the defendant, for the period May 30, 1960 to August 19, 1961, was an employee of your petitioner, being employed as the manager of petitioner’s finance office located in Shreveport, Louisiana, for the period May 30, 1960 to. June 30, 1961, and that in such position as manager, the defendant was responsible for the approval of loans.
“3.
“That the defendant, on or about November 5, 1960, did for the purpose of selling a 1952 Fordor Cadillac owned by him approve in his capacity as manager and make a loan of your petitioner’s funds to one, L. C. Flipping, which loan was in an amortized amount of $651.60, or a net cash amount to L. C. Flipping of $422.97, and that the defendant did then sell said car to L. C. Flipping, applying $122.97 of the net cash amount of the loan to a prior account of L. C. Flipping with your petitioner and retaining $300.00 of the net cash amount of the loan for his own personal use and benefit, being part of the cash amount of the cash sales price of the automobile.
“4.
“That L. C. Flipping did subsequently default on said loan after reducing the amortized balance to $566.60, and that the defendant did take back said automobile in his own name and did re-sell said automobile to one, Meyer Schwartz, Jr., on or about March 9, 1961, marking the L. C. Flipping account as satisfied, and having Meyer Schwartz, Jr. execute a note in the amortized amount of $410.25 in favor of your petitioner, secured by a chattel mortgage on said automobile, and that said note of Meyer Schwartz was intended by the defendant to represent the balance on the cancelled loan to L. C. Flipping.
“5.
“That the defendant did resign from your petitioner’s employ on August 19, 1961, at which time the defendant did verbally agree with your petitioner to pay the sum of $300.00 to your petitioner should there be any difficulty in collecting on the above loan.
“6.
“That said agreement to pay $300.00 is an independent agreement and undertaking which was impelled by pecuniary motives accruing to the defendant in that defendant had benefited directly from the sale of his car and the loan made to L. C. Flipping for the purpose of financing the purchase of the car.
“7.
“That the loan to Meyer Schwartz, Jr. is now in default and that the last payment *241 received by your petitioner on this loan was $10.00 on September 5, 1961, and that the total amount paid on said loan to date is $97.90, whereas Meyer Schwartz should have paid as of the date of the filing of this petition the sum -of $246.15.
“8.
“Petitioner alleges amicable demand in vain.”
To this petition defendant filed a plea of vagueness, following which plaintiff supplemented and amended his original petition by alleging, among other things, as follows:
* * * * * $
“3.
“The Defendant, Wilburn Benson, received for his own use and benefit the sum of Three Hundred ($300.00) Dollars as a result of the sale of his own personal automobile, which sale was accomplished and perfected only through the use of your Petitioner’s funds. The defendant approved, as an employee of your Petitioner, a loan of Petitioner’s funds to the purchaser of the Defendant’s car. The Defendant, in approving this loan, was acting for his own personal benefit and contrary to the interest of his employer, your Petitioner, and that the Defendant realized his fiduciary relationship to your Petitioner.
“4.
“Petitioner has not foreclosed upon the note and mortgage given by Meyer Schwartz, Jr. That Meyer Schwartz, Jr. is indebted unto your petitioner on a prior loan, which loan was in existence at the time of the alleged transactions approved by the Defendant, and which loan was in default at the time of the alleged transactions.
“5.
“The Defendant’s promise to Petitioner to pay $300.00 is a solidary obligation with-the obligation of Meyer Schwartz, Jr., up to and including the sum of $300.00, said solidary obligation being conditioned upon the fact that your Petitioner should have any difficulty in collecting on the loan to Meyer Schwartz, Jr.”
To the original and supplemental petitions defendant filed an exception of no cause of action in that plaintiff’s pleadings “alleged no legal liability of your respondent to plaintiff herein.” Without assigning written reasons, the lower court sustained the exception and dismissed plaintiff’s suit, from which judgment no appeal was taken.
Several months thereafter plaintiff, the successor to the finance company in the first suit, filed a new action against defendant alleging:
“1.
“That the defendant, Wilburn Benson, is a resident of and domiciled in Caddo Parish, Louisiana, with his place of employment at 808 Jordan Street, Shreveport, Louisiana.
“2.
“That the defendant, Wilburn Benson, was an employee of your petitioner for the period May 30, 1960 through August 19, 1961, and that, as an employee of your petitioner, the defendant was. employed in the position of manager of the petitioner’s finance office in Shreveport, Louisiana, for the period May 30, 1960 to June 30, 1961.
“3.
“That the defendant, as manager of petitioner’s finance office, was charged with the responsibility for lending petitioner’s funds to suitable loan applicants, said loans to be for the benefit of your petitioner, and that the defendant, as manager, was responsible for the approval of all loans and particularly the suitability and desirability of the loan applicants and the purpose for which the loan was made.
“4.
“That your petitioner desires an accounting from the defendant, stating the nature *242 of certain loan transactions and accounting for certain loans made by the defendant for your petitioner and with your petitioner’s funds during the time that the defendant was manager of petitioner’s finance office.
“5.
“That your petitioner has reason to believe that certain of the loans made by the defendant of your petitioner’s funds were consummated solely for the own personal use and benefit of the defendant and adversely to the interest of your petitioner, and that the accounting herein requested is only with respect to these transactions.
“6.
“That the transactions of which petitioner requests an accounting are as follows:
“(a) That the defendant, on or about November 5, I960, did, for the purpose of selling a 1952 4-door Cadillac owned by him, approve, in his capacity as manager, and make a loan of your petitioner’s funds to L. C. Flipping, which loan was in an amortized amount of $651.60, or a net cash amount to L. C. Flipping of $422.97, and that the defendant did then sell his car to L. C. Flipping, applying $122.97 of the net cash amount of the loan to a prior account of L. C. Flipping with your petitioner and retaining $300.00 of the net cash amount of the loan for his own personal use and benefit, being the cash sales price of his car to L. C. Flipping:
“(b) That L. C. Flipping did subsequently default on said loan alleged in (a), above, after reducing the amortized balance to $566.60, and that the defendant did take back, as owner, the car he had previously sold to L. C. Flipping; that the defendant did then re-sell said car to one, Meyer Schwartz, Jr., on or about March 9, 1961, marking the L. C. Flipping account as satisfied and having Meyer Schwartz, Jr., execute a note in the amortized amount of $410.25 in favor of your petitioner, secured by a chattel mortgage on said automobile;
“(c) That the loan to Meyer Schwartz, Jr. defaulted after Meyer Schwartz, Jr. paid only $97.97, the last payment being made on September 5, 1961, in the amount of $10.00, and that your petitioner did file suit against Meyer Schwartz, Jr., under Docket No. R21615, in the City Court in and for Ward Four, Caddo Parish, Louisiana, and take a judgment against Meyer Schwartz, Jr., on February 27, 1962, in the sum of $312.35 together with interest at the rate of 8% per annum from August 9, 1961, until paid plus 20% of the total of the principal and interest as attorney’s fees, and for all costs of that proceeding; and that on April 18, 1962, your petitioner did purchase at Sheriff’s sale the automobile sold by defendant in rule to Meyer Schwartz, for the sum of $100.00, which was credited on the judgment against Meyer Schwartz, Jr.
“7.
“That your petitioner is entitled to an accounting under the provisions of Article 3004 of the Louisiana Civil Code of 1870, for the funds of your petitioner received by the defendant for his own personal benefit arising out of a transaction made by the defendant for his own personal use and benefit and against the interest of his employer, your petitioner.
“8.
“That the defendant is justly and truly indebted unto your petitioner for the sum of $300.00, the amount he received from the sale of his car, together with $156.35, the unaccounted for difference between the balance of the loan to L. C. Flipping and the loan to Meyer Schwartz, Jr., or the defendant is justly and truly indebted unto your petitioner for a total sum of $456.35, together with all costs of this proceeding and legal interest from date of judicial demand, or such other amount as may be determined by this proceeding.
“WHEREFORE, petitioner prays that the defendant, Wilburn Benson be duly cited to appear and answer this petition and *243 served with a copy of same, and that after due proceedings had that there be judgment herein in favor of your petitioner, Pacific Finance Company of Caddo, Inc., formerly Time Payments of Shreveport, Inc., d/b/a Caddo Finance Company, and against the defendant, Wilburn Benson, for the full sum of $456.35, together with legal interest from date of judicial demand until paid, and for all costs of this proceeding, or for such other amount as may be determined to be justly due and owing by this proceeding.”
To the foregoing petition, defendant filed a peremptory exception of res judicata and no cause or right of action. For oral reasons the exception as it related to res judi-cata was sustained. Plaintiff has appealed and specifies the following errors:
“The trial judge erred:
“1. In failing to recognize that the things demanded in the two suits are not the same; and
“2. In failing to recognize that the demands in the two suits are founded on different causes of action.”
The two errors specified are so closely related, we will discuss them together.
LSA-C.C. Art. 2286 provides:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
As a general rule the courts of Louisiana have adhered strictly to the requirement set forth in Article 2286 of the LSA-Civil Code of an identity of demands, parties and causes of action before they have sustained a plea of res judicata. There are three judicial exceptions to this general rule, about which it can be said that Louisiana has acceded to the common law rule that res judicata embraces not only what was requested and presented in the first suit, but what might have been asserted therein. The three exceptions briefly stated are: petitory action, suit for partition, and suit to enjoin execution of a judgment or a sale under executory process. Since none of these exceptions are applicable to the present case, the general rule applies and if any one of the three identities of demand, parties and causes of action, is not present between the first suit and this proceeding, the plea of res judicata is not well founded and the decision of the trial court must be reversed. For a detailed discussion of the Louisiana law relating to res judicata see Quarles v. Lewis, 226 La. 76, 75 So.2d 14 (1954) and authorities cited therein.
It is appellant’s contention that the two identities of demand and cause of action are not present between this suit and the first proceeding. It contends the first suit was an action on an oral promise to pay, and that an effort was made to allege sufficient pecuniary interest of defendant in order to remove it from the general rule of no liability on an oral promise to pay the debt of a third person. It asserts this was the only issue adjudicated in the first suit. The second suit, on the other hand, presents an entirely different issue or “cause of action”, i. e., a suit under LSA-C.C. Arts. 3004-3005 for money received by defendant in his fiduciary capacity and the failure to account for same.
Appellee, on the other hand, contends the basic facts alleged in both suits are substantially the same; .and the only difference, except a slight increase in the amount sought in the second suit, is the theory under -which plaintiff seeks a judgment for a sum of money. He, therefore, contends all the essentials of LSA-Civil Code Article 2286 are present in both suits and the plea of res judicata was correctly sustained.
There is some merit in both contentions and able counsel for both litigants have presented the issues in such a persuasive manner as to make it most difficult to decide the case. However, we have conclud *244 ed the ruling of the lower court is incorrect and the plea of res judicata should have been overruled.
The difficulty in deciding what constitutes res judicata under Louisiana law has plagued our courts on several occasions. We do not deem it necessary to re-state the many pronouncements of the reported cases on this question, except to point out that the cases of Quarles v. Lewis, cited supra, and State v. American Sugar Refining Co., 108 La. 603, 32 So. 965 (1902) thoroughly discuss the subject. In the American Sugar Refining Co. case, Justice Provosty wrote a very enlightening opinion where he went to great lengths to give a common sense explanation of just what res judicata means under our law. Of course, the facts of that case are different from those now under consideration but the principles clearly and interestingly enunciated therein are sound and applicable here. Pertinent to our case, we note the following language in the opinion:
“ * * * Unless the same thing is being demanded, and on the same ground, and the demand is being resisted on the same ground of defense, there are not ‘identical circumstances and conditions’ in the two suits. There may be close similarity. * * * ” (Emphasis supplied by this court.)
Considering the instant case in light of the cited codal article and the Louisiana jurisprudence, we do not think the two petitions intended to state the same “cause of action”. In so concluding, we are not unmindful that under LSA-C.C.P. Art. 862, a final judgment should grant the relief to which a party is entitled rather than that for which he prays. In other words, the “theory of the case doctrine” no longer has any place in our law. However, from a careful examination of the petitions in both cases, we do not believe plaintiff could have obtained the relief he seeks in his second petition under the allegations of his first petition. The only allegations of fact under which plaintiff sought recovery in the first suit related to a contract, i. e., the oral promise to pay $300 if plaintiff encountered difficulty in collecting the account of a third party. While the supplemental petition in the first suit did allege the fiduciary relationship of plaintiff and defendant in general terms, there were not sufficient allegations in that petition to entitle plaintiff to an accounting or judgment thereunder pursuant to LSA-Civil Code Arts. 3004-3005. In the second suit, plaintiff has amplified his pleadings particularly as they relate to the principal-agency setup and is thereby obviously attempting to state a different cause of action under the civil code articles relating to accounting. Whether he has in fact sufficiently stated such a cause of action can be determined under an appropriate exception and is not before us at this time.
We are also fortified in our decision by the many cases in our jurisprudence admonishing the courts that LSA-Civil Code Article 2286 should be strictly construed and the plea of res judicata should not be sustained unless the pleadings and facts clearly justify its application. Hope v. Madison, 194 La. 337, 193 So. 666 (1940) and cases cited therein.
For the reasons stated, the judgment of the lower court sustaining the peremptory exception of res judicata is overruled and set aside and the case is remanded to the lower court for further proceedings consistent with law and the views expressed herein. The costs of this appeal are assessed against defendant-appellee, all other costs to await the final determination of the case.
Reversed and remanded.