(45 South. 435.)

No. 16,612.

JENKINS et al. v. SALMEN BRICK & LUMBER CO., Limited.

(Jan. 9, 1908.)

1. REAL ACTIONS — EVIDENCE—ADMISSIBILITY —WAIVER OF OBJECTIONS.

While evidence must correspond to the allegations and be confined to the points at issue, the rule is not so controlling and broad as to render it proper to refuse to admit a document in evidence that is needful to show to some extent and in some way the title claimed. Furthermore, the defendant is in the position of having waived the point in effect, by afterward offering in evidence the document he sought to have excluded.

2. DESCENT AND DISTRIBUTION—EXTENT OF PLAINTIFF'S INTEREST AS AN HEIR.

Plaintiff's claim is limited to the extent of her interest in the succession from which she inherited. The sale of the land inherited to plaintiff's father, and the declarations as to price, under the facts and circumstances, is not the measure of plaintiff's interest.

3. DEEDS—DESCRIPTION—IN EFFECT SALE BY BOUNDARY.

The measure of plaintiff's interest is fixed by reference to the tract, part of which is in controversy, and not particularly to the number of acres in the tract.

4. EVIDENCE — PAROL EVIDENCE — RECORD GOVERNS.

Verbal testimony is not admissible to change the nature of the rights of parties in a deed or to vary its terms, third persons having accepted the record as true.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1719–1728.]

5. LIMITATION OF ACTIONS—SUSPENSION OF PRESCRIPTION.

Ten years' prescription, as relates to minors, is suspended during minority.

(Syllabus by the Court.)

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Thomas Moore Burns, Judge.

Action by Gussie Jenkins and husband against the Salmen Brick & Lumber Company, Limited. Judgment for plaintiffs, and defendant appeals. Amended and affirmed.

Miller & Morgan and Delos Rozelus Johnson, for appellant. Macaulay Iverson Varnado and Gordon William Goodbee, for appellees.

BREAUX, C. J. This is a petitory action, brought by plaintiff for a tract of land measuring 847 acres in the parish of Washington.

Plaintiff claims that her mother inherited the land from her mother (plaintiff's grandmother), who was Mrs. M. Cockern, wife of Isaac Cockern, and who died in 1879.

At her death Mrs. Mary Cockern left eight children, and the land claimed by plaintiff, as well as some movable property belonging to the community which had existed between Mrs. Mary Cockern and her surviving husband, Isaac Cockern.

The eight heirs met some time in the year 1881 and entered into an amicable partition of the property. Plaintiff avers that her mother became the owner of the land before mentioned in that partition, and that all of the parties in interest, including the surviving husband, Isaac Cockern, signed and executed the act of sale to her (plaintiff's mother), which was duly recorded, but was destroyed in 1897 in a fire which destroyed the courthouse of that parish.

Plaintiff not only gave her chain of title, but she alleged the deeds under which the defendant claims to hold. The latter, she

urged, are illegal and confer no right on the defendant.

The defendant admitted all that was undeniable in plaintiff's petition, and pleaded the general issue in answer to the averments not admitted.

There was an error committed in plaintiff's petition. The papers in the conveyance office had been destroyed or were badly disfigured. This error consisted in that plaintiff alleged that the land for which she was suing had been owned by her mother, Mrs. Ferriday Felts. The deed offered in evidence proves that the land was sold originally by the heirs of Isaac Cockern, the grandfather of plaintiff, to S. E. Felts, his son-in-law, and father of plaintiff. In view of this fact it was error to have alleged that the land had been sold to Mrs. Ferriday Felts, plaintiff's mother.

As the land had been sold to S. E. Felts, father of plaintiff (husband of Mrs. Ferriday Felts) and as it was in his name, he had the right to dispose of it as he did, subject to whatever rights in the property plaintiff may have had as an heir.

In the act of sale of 1881 above referred to (by which a partition of the property was effected after the death of Mrs. M. Cockern, plaintiff's grandmother) seven heirs recognized an amount of $109 as due to plaintiff's mother, Mrs. Ferriday Felts.

When the deed was offered in evidence, defendant objected on the ground that it was not admissible, because it contradicted the allegations of plaintiff's petition.

The offered deed was admitted in evidence over defendant's objection.

To the ruling admitting it the defendant reserved a bill of exception, which is now before us.

Before passing upon the objection, we insert a copy of this deed in its mutilated condition:

"Is made for and in ......ation of the sum and price of ...... hundred dollars, paid as follows: ......undred and nine dollars cash, ......he interest of Pheruba Rebecca Cockern, ...... of said S. E. Felts, and a full acquittance, ......nted therefor, said of two hundred ......ety-one dollars to be paid as follows: ...... note for the sum of one hundred and thirty-five dollars, to be paid January 1, 1884; second not.., for the sum of seventy-two dollars, to be paid on the first day of January, 1884; third note, for the sum of sixty-five dollars and twenty cents, to be paid on the first day of January, 1884; fourth note, for the sum of eighteen dollars and ninety cents, to be paid on the first day of January, 1884, for which the purchaser has this day furnished his four promissory notes payable to Isaac Cockern or bearer, all of said notes drawing eight per cent. per annum interest from the first day of January, 1884, until paid."

The foregoing is a copy of the deed to the admissibility of which objection was urged. In our opinion it was admissible in matter of the right claimed by plaintiff. She had claimed the whole property. The deed was admissible to the extent that it proved that she had a right to a part of the property, particularly under the circumstances; for, whatever good ground there may have been for the objection, it is answered by the fact that defendant, in order to set up his own chain of title, was driven to the necessity of introducing this very deed in evidence. It disposes of whatever force there may have been in the objection.

The petition did not allege that there were two heirs—one, the plaintiff; and the other, a brother, who died some time ago in Texas; but the fact is admitted by counsel on appeal.

Plaintiff inherited from her deceased brother, together with her father; her father inheriting one-fourth, and she (plaintiff) three-fourths.

The question before us for decision is whether there remains a right of inheritance to the plaintiff, and its extent?

There are two theories advanced—one by plaintiff, and the other by defendant.

The theory of the former is that she has a fractional interest in the land; that is, 109/400. That theory cannot be sustained under the pleadings, in which no such claim was ever alleged. The heirs seem to have

fixed the amount to which plaintiff's mother (Mrs. Ferriday Felts) was entitled at $109. To that amount no significance can be given. It was stated on the hypothesis that it represented plaintiff's interest (inherited from her mother) in the succession of her grandmother. There is no good reason why she should not be held to prove that she had a right to that amount by inheritance and not by reference to deed of sale, supra.

The other theory, that of the defendant, is that the declaration of the deed copied above shows that plaintiff was paid.

We do not agree with that theory. Plaintiff was not paid, but in settling for the cash portion of the price the amount coming to plaintiff's mother was declared satisfied. The wife's interest—that is, the interest of the grandmother of plaintiff—was utilized by the husband by imputing it to the cash portion of the price.

While we are of opinion that it should not be considered paid, to return to the first theory, we will state that the husband's agreement, as evidenced by the deed above, could not have the effect of perpetuating in the property a right corresponding to the wife's claim. It was an unauthorized declaration in this respect,' to which sanction will not be given by approving the agreement made without obtaining the consent of the wife, plaintiff's mother. Whatever right of property she had was by inheritance, and not by any declaration in the deed. The sale will not be taken as a basis of the extent of plaintiff's right. Nor will it, on the other hand, in answer to defendant's prayer, be taken as showing satisfaction of the claim, as the deed does not show that cash was paid, but, on the contrary, that the cash portion consisted of the paraphernal right of the wife.

Having disposed of these two theories, one of plaintiff and the other of defendant, we take up for decision the extent of plaintiff's interest in the succession of her grandmother, without reference to any declaration.

It is not disputed by the defendant that one-sixteenth, as fixed by the district judge in his judgment, is correct. Nor do we think that plaintiff disputes the correctness of this fraction from the point of view before expressed. On appeal, counsel for plaintiff admitted that the inheritance must be divided with the heirs of the deceased brother. That being the case, $1/32$ is the extent of the interest of each. It follows that plaintiff is entitled to $1/32$ part of the land, plus the fraction that she inherits from her late brother. The portion inherited by the father of the deceased is $1/4$, and $3/4$ that inherited by the plaintiff. Plaintiff, therefore, is entitled to $1/32$ plus $3/4$ of $1/32$, or $7/128$.

The tract of land involved in which plaintiff claims a fractional interest presents the next question.

That part remaining of the deed partially destroyed by fire shows in regard to this tract as follows:

"Containing eight hundred acres, more or less, bounded north by lands of Eldrige Magee, south by lands of W. F. Varnado, east by River Bogue Chitto."

In a sale of a subsequent date by plaintiff's father of this land the description is substantially the same, save that the surname of Varnado is given, and "public lands" is given as one of the boundaries.

There is some uncertainty about the number of acres in this tract. Plaintiff claims 847 acres. Defendant fixes the number at 790 acres at one time, and again at 800 at another time.

Our learned Brother of the district court fixed the number at 840 acres. In what remains of the deed as shown above, the number is 800 acres.

Be all that as it may, the sale was by boundary. The plaintiff must be considered as owning a fractional interest in the tract,

less the number of acres which may have been sold or which may have been conveyed to others.

Having concluded that plaintiff owns as before mentioned, it brings us to a consideration of defendant's claim to 320 acres. This number of acres should be deducted from the tract. The facts are, as relates to this fractional interest, that in the year 1881, after the death of plaintiff's grandmother, from whom the land descends to her, W. F. Varnado conveyed this tract of 320 acres to plaintiff's grandmother for the price as stated in the deed of $200 in cash. On the face of the deed this land did not become a part of the community that had existed between plaintiff's grandmother and grandfather at the date of the purchase. The oral testimony, however, proves that the property had been sold by Isaac Cockern, the said grandfather of plaintiff, to his brother, Henry Cockern. The brother paid nothing, but conveyed it to Varnado, who took the place of Henry Cockern as vendee, and issued notes in favor of Isaac Cockern as representing the price. It was after the death of Mrs. Cockern, as before stated, that the land was conveyed to Isaac Cockern for the expressed consideration of $200.

When plaintiff offered to prove these facts by verbal testimony, timely objection was urged on the ground that it was not admissible; that it was an attempt to make title by parol, and to alter and vary the terms of the deed, in violation of Civ. Code, art. 2275, 2276.

We are of opinion that the objection should have been sustained and the testimony excluded.

The property had remained of record about 20 years in the name of the vendee before named, with declaration before mentioned as to the price. This was complete notice to all third persons, who had a right to accept it as correct and to act thereon. During that length of time others had dealt with the owners and had accepted the record as correct. The secret equities between the original vendor and the vendee could not be taken and construed to the prejudice of third persons who have acted upon the faith of the record.

This number of acres is to be deducted; but with the evidence before us we cannot identify this land with sufficient accuracy to make it the basis of a judgment. To the extent necessary for the identification of this land, the case will have to be remanded.

We are brought to the plea of 10 years' prescription filed by defendant.

The learned judge of the district court as to this plea held:

"The plea of prescription under the evidence in this case is not tenable."

Learned counsel in the brief and at bar did not refer to this plea. None the less it received some consideration from us.

There is no question but that prescription is suspended during the minority. Barrow v. Wilson, 38 La. Ann. 209.

Bearing in mind the fact of minority, there is no prescriptive title to the property.

For reasons assigned, and the law and the evidence being favorable to defendant, the judgment appealed from is amended by decreeing that plaintiff shall recover an undivided interest in the tract before referred to, as heretofore described; that is, an undivided interest in whatever number of acres there are in the tract, less any sale made as before mentioned.

The judgment appealed from is further amended by changing the interest of plaintiff as therein allowed from $1/16$ to $1/32$ plus ¾ of $1/32$—that is, $7/128$ (that is, the extent of her interest in the land).

It is also ordered, adjudged, and decreed that the judgment be further amended by deducting from the land claimed by plaintiff the 320 acres before mentioned; and the case is remanded to enable the parties in interest

to survey and locate the said land forming part of the tract in question; that is, to locate it at the place located in the deed by Varnado to Isaac Cockern, and by consulting any admissible testimony on the subject.

As amended, the judgment is affirmed; appellee to pay the costs of appeal.