No. 4307

First Circuit

BARBER v. THOMAS

(June 26, 1926, Opinion and Decree)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Marriage—Par. 145.**

Under Article 2402 of the Civil Code, a purchase in which the wife authorized by her husband to purchase, states in the act that the purchase is for herself, her heirs and assigns is nevertheless a purchase for the community property.

2. **Louisiana Digest—Evidence—Par. 220.**

Under Article 2276 of the Civil Code, evidence is inadmissible to show a secret equity in property to the detriment of one who had purchased the property in good faith and had possessed it as owner.

Appeal from the Twenty-second Judicial District Court of Washington, Hon. Prentiss B. Carter, Judge.

Action by Josephine Barber against Samuel Thomas. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Ott and Johnson, of Franklinton, attorneys for plaintiff, appellant.

Brock and Carter, of Franklinton, attorneys for defendant, appellee.

ELLIOTT, J. Petitory action to recover 80 acres of land on the ground that the act, whereby the land was acquired, although in form a community purchase of a tract containing 240 acres more or less, was in fact a community purchase to the extent of 160 acres, while the other 80 acres, described in the petition, was in fact a donation to the plaintiff and was at the time of said acquisition her separate and paraphernal property.

The 80 acres claimed in the suit being in the possession of the defendant, as owner under chain of title duly recorded, acquired in good faith, based on the public records, without notice of plaintiff's claim and more than ten years previous to the institution of her suit.

Mrs. Josephine Barber, widow of James Barber, sues to recover of Samuel Thomas 80 acres of land described in her petition in the possession of said Thomas as owner, by title chain, deraigned from C. A. Jenkins, duly recorded in the conveyance records on or about the day it was passed. The plaintiff alleges that she acquired the land by title from her father, O. P. Thomas, on January 16, 1895, by title duly recorded at the time. That said property was at the date of her acquisition her own separate and paraphernal property and has remained so to the time of her suit.

The defendant pleads in bar of her action the prescription of ten years acquirendi causa, under the law, C. C., Art. 3478, etc., and under reserve of his exception, filed an answer setting up his title and possession, deraigned through mesne conveyance from C. A. Jenkins on November 30, 1910, and that of C. A. Jenkins acquired at sheriff's sale in the execution of a judgment against James Barber, plaintiff's husband, on the 18th of June, 1910, by title duly recorded on or about the time it was executed.

The district judge decided in favor of defendant sustaining his title and plaintiff appealed.

The title adduced by the plaintiff from O. P. Thomas is in authentic form and calls for a tract of land containing 240 acres more or less and is on its face a sale for the price and sum of $500.00 cash.

The title for the entire tract, is in the

name of the plaintiff, but her husband, James Barber, was living at the time and was a party to the act, authorizing her to purchase, the act states that the purchase is for herself, her heirs and assigns, but under the law C. C., Art. 2402 the title was a community purchase.

The entire 240 acres was seized by the sheriff of Washington parish as the property of James Barber in the execution of a judgment against him rendered in a suit entitled Jenkins & Duncan, C. A. Jenkins, Subrogee vs. James Barber and on the 18th of June, 1910, was sold and delivered to C. A. Jenkins. The title to Jenkins was placed on record November 30, 1910, in the conveyance records of Washington parish. C. A. Jenkins sold the land to Spears, and from Spears through various sales it passed to the defendant, all titles being duly recorded on or about the day they were passed. The plaintiff offered in evidence the title in her favor from O. P. Thomas and then offered parol evidence to establish against defendant, that although said title from O. P. Thomas to herself, purports to be a sale of 240 acres of land more or less for the price and sum of $500.00 dollars cash, that in fact only 160 acres of the tract was purchased and acquired by the legal community which existed at the time between her and her husband.

That the 80 acres described in her petition, was a donation to her by her father O. P. Thomas and was not purchased and was in fact her separate and paraphernal property under the title from her father.

The defendant objected to parol evidence offered for the purpose of showing the fact alleged, which would have the effect of changing and altering the title executed by O. P. Thomas and was sustained by the court, C. C., Art. 2276. The defendant then offered in evidence his title and the registry of the same deraigned from Jenkins and established that all these various transfers had been accompanied by actual possession as owners in good faith and without knowledge of the secret equity set up by the plaintiff.

Plaintiff's claim, no matter if it be in fact true, can not prevail against the rights of third persons buying on the faith of the recorded title and without knowledge of the equity existing in the plaintiff. The evidence would change the act from O. P. Thomas from a sale of a tract of land for $500.00 to a sale of part of the tract for $500.00 and to a donation of the balance of the same tract, and make the donated part the separate and paraphernal property of the plaintiff. Such a thing can not be done, when the effect would be to deprive third persons buying on the fact of the recorded title of their property. Jenkins vs. Salmen Brick & Lumber Co., 120 La. 549, 45 South. 435; Bank of Napoleonville vs. Knobloch & Rainold, 144 La. 100, 80 South. 214; Succession of Rouse, 144 La. 143, 80 South. 229; South Arkansas Lumber Co. vs. Tremont Lumber Company, 146 La. 61, 83 South. 378; Lockwood Oil Co. vs. Atkins, 158 La. 610, 104 South. 386; cited in defendant's brief, and others, the rule is too well settled to admit of doubt.

The authorities by plaintiff would govern if plaintiff had brought suit against Jenkins to rectify the error in her title; if such existed, before the property was sold by the sheriff and had made her father and husband parties to the suit, but they can not be recognized as authorizing the undoing of the title from O. P. Thomas, to the prejudice of defendant in the way attempted by the plaintiff.

The judgment appealed from is correct. Judgment affirmed.

Plaintiff and appellant to pay the cost in both courts.