173 So. 177

**HOPE v. GORDON.**

No. 33825.

Nov. 30, 1936.

On Rehearing March 1, 1937.

Clifford E. Hays, of Minden, and Charles C. Madison, of Kansas City, Mo., for appellant.

D. W. Stewart, of Minden, and Wilkinson, Lewis & Wilkinson, of Shreveport, for appellee.

ROGERS, Justice.

Miss C. M. Gordon obtained a judgment for $10,000, with interest and attorney's fees, against Mrs. Eleanor M. Hope, in the district court for Muskogee county, state of Oklahoma. Thereafter, Miss Gordon, alleging that Mrs. Hope was a resident of Oklahoma, brought suit in the Twenty-Sixth judicial district court for the parish of Webster, state of Louisiana, to have the judgment of the Oklahoma court recognized and enforced. She prayed for the issuance of an attachment and for the appointment of a curator ad hoc to represent the nonresident defendant. A curator

ad hoc was appointed to represent Mrs. Hope, and copies of the petition and citation and a notice of seizure were served on him. No answer or other pleading was filed in the suit, and judgment was rendered by default in the plaintiff's favor as prayed for. A writ of fieri facias was issued on the judgment, and the land owned by defendant in Webster parish, which had been attached, was seized and sold.

The present suit was instituted in Louisiana by Mrs. Hope, a resident of Missouri, against Miss Gordon, a resident of Oklahoma, to annul the judgment rendered by the district court of Webster parish and to set aside the sale of real estate made thereunder. Miss Gordon, the defendant, was cited through a curator ad hoc appointed to represent her, but she appeared by her personal attorney and filed an exception of no right or cause of action and an answer to plaintiff's petition. The case was tried on its merits and resulted in a judgment in favor of defendant, rejecting plaintiff's demands. From that judgment, the plaintiff has appealed.

The petition of Mrs. Hope, the plaintiff and appellant, sets forth a number of alleged nullities in the proceedings, judgment and sale which she seeks to avoid. Among the alleged nullities is the one contained in paragraph IIg of plaintiff's petition. The paragraph reads as follows, viz.:

"IIg. That your petitioner, in said proceeding No. 8585 on the docket of this court and wherein she was sought to be made defendant, was not cited to appear in the manner and according to the method designated by the laws of Louisiana per-

taining to the citation of absentee or non-resident defendants in attachment proceedings."

Plaintiff's allegation that she was not legally cited in the attachment suit brought against her by Miss Gordon is sustained by the record of that suit, which is in evidence.

But defendant contends that the record of the suit of Gordon v. Hope is not properly in evidence, because it was admitted over defendant's objection, which should have been maintained by the trial judge.

Defendant argues that plaintiff's allegation is merely the statement of a legal conclusion and not of an ultimate fact, and hence does not present a judicable issue. Defendant maintains that she preserved her rights against the legal conclusions contained in plaintiff's petition by filing an exception of no cause of action in limine, and by renewing the exception as an objection to evidence on the trial of the case.

The record discloses that the formal plea of no cause of action filed by defendant was, by consent of counsel, referred to the merits. But plaintiff never insisted upon a hearing and disposition of the plea, apparently preferring to raise the issue by way of objection to evidence rather than by way of the special plea. The case was disposed of in the district court strictly on its merits. When, on the trial of the case, counsel for plaintiff offered in evidence the entire record in the suit of Gordon v. Hope for the purpose only of showing rem ipsam, counsel for defendant declared that he desired to renew the exception of no cause

of action, and he asked that all evidence be admitted subject to the objection. The trial judge overruled the objection and admitted the evidence under the objection, saving defendant's bill of exception; and the objection, ruling, and reservation were made general.

We are relieved of the necessity of passing on the objection to the admission of evidence based on the exception of no cause of action, because, as disclosed by the record, counsel for defendant, in presenting defendant's case, offered in evidence for all purposes the same record of Gordon v. Hope. Counsel for plaintiff objected to the admission of the record for any other purpose than to show rem ipsam, but his objection was referred to the effect, and the record was admitted in evidence subject to his objection.

■ Defendant, by her own act, is not in a position to oppose consideration by the court of the record in the suit of Gordon v. Hope.

■ A party may, by his acts or omissions, waive or be estopped to make objections to the admission or exclusion of evidence. Such waiver or estoppel may arise from failure to object, from acts done or omitted before the evidence is offered, as by failure to object to previous similar evidence, or from some affirmative act done after the ruling on the evidence. 64 C.J. § 189, p. 167.

Thus it has been held by this court that defendant's objection to a document offered in evidence by plaintiff was waived by defendant's subsequent offer in evidence of the document which he had sought to ex-

clude. Jenkins v. Salmen Brick & Lumber Co., 120 La. 549, 45 So. 435.

The record in the case of Gordon v. Hope is therefore properly in the case for all purposes and must be given the same consideration as if it were admitted without objection.

Article 254 of the Code of Practice, as amended by Act No. 9 of 1926, provides: "If, on the contrary, the defendant has no known place of residence, conceal his person, be absent or reside out of the State, in such case the sheriff shall serve the attachment and citation by affixing copies of the same on the door of the room where the court in which suit is pending is held; or on a bulletin board located near the entrance of the said court room."

The record in the case of Gordon v. Hope fails to show that a copy of the writ of attachment was posted on the door of the courtroom or on a bulletin board located near its entrance, as required by the codal article. And it is not disputed that no such posting was made.

A writ of attachment in the case of a nonresident is not merely a conservatory writ, but is the basis and foundation of jurisdiction, which cannot be acquired except under the very letter of the law, and the failure to comply with the strict provisions of the law as to posting the citation and writ are fatal to the proceedings. Pugh v. Flannery, 151 La. 1063, 92 So. 699.

Since Mrs. Hope was not legally cited in the suit brought against her by Miss Gordon in the district court of Web-

ster parish, all the proceedings in that case are invalid and must be annulled.

For the reasons assigned, the judgment appealed from is reversed. It is further ordered that there be judgment in favor of plaintiff Mrs. Eleanor M. Hope and against defendant Miss C. M. Gordon, decreeing all proceedings in or based upon the suit entitled C. M. Gordon v. Mrs. Eleanor M. Hope, No. 8585 of the docket of the Twenty-Sixth judicial district court, parish of Webster, state of Louisiana, and particularly the judgment therein rendered by the said district court in favor of C. M. Gordon and against Mrs. Eleanor M. Hope on October 20, 1933, and the sheriff's sale and adjudication under said judgment be said C. M. Gordon, dated January 14, 1934, filed for registry on February 6, 1934, and registered in Conveyance Book No. 97, page 564, of the records of Webster parish, of the property described in said sale, adjudication, and conveyance records, be annulled and that the inscription thereof be canceled on the official records of Webster parish, La. The defendant, Miss C. M. Gordon, is to pay all costs of this suit.

## On Rehearing.

PONDER, Justice.

Defendant, appellee, applied for a rehearing on the ground, among others, that this court had failed to pass on the reconventional demand pleaded alternatively in her answer. A rehearing was granted for that limited purpose.

Defendant contends that this court should pass on the reconventional demand or should remand the case for trial on the question presented.

Upon our examination of the record, we find that the lower court rejected plaintiff's demand, and therefore was not required to and did not pass upon defendant's reconventional demand.

In view of the fact that defendant's alternative plea contained in the reconventional demand was not submitted to the lower court for decision, we are of the opinion that in the interest of justice the case should be remanded for trial on the reconventional demand.

For the reasons assigned, our original decree herein is amended by ordering this case remanded to the lower court for trial and disposition of the reconventional demand. Costs of this appeal to be paid by defendant; all other costs to await the final disposition of the case. The right to apply for a rehearing is reserved to both parties.

O'NIELL, C. J., absent.