PER CURIAM.
In. his application for rehearing counsel for. the defendant and appellee herein complains we cited no authorities, nor did he know of any adjudicated case to support our statement in the opinion herein that [55 So.2d 3]: “Whether or not the objection to the testimony of Gillum was well taken, the defendant, by his' action in offering his wife as a witness, without qualification and in proceeding to examine her on the subject matter testified to by Mr. Gillum without reservation of his previous objection, waived and abandoned his objection to the testimony of Mr. Gillum and his testimony has to be given such weight and effect as it may deserve.”
It appears we did not supply in bur opinion the authorities upon which this rule of law is founded, but ample are present in our jurisprudence. Our Supreme Court aptly stated in Hope v. Gordon, 186 La. 697, 173 So. 177, 178:
“A party may, by his acts or omissions, waive or be estopped to-make objections to *202 the admission or exclusion of evidence. Such waiver or estoppel may arise from failure to object, from acts done or omitted before the evidence is offered, as by failure to object to previous similar evidence, or from some affirmative act done after the ruling on the evidence. 64 C.J., § 189, p. 167.
“Thus it has been held by this court that defendant’s objection to a document offered in evidence by plaintiff was waived by defendant’s subsequent offer in evidence of the document which he had sought to exclude. Jenkins v. Salmen Brick & Lumber Co., 120 La. 549, 45 So. 435.” (Emphasis supplied.)
Another pertinent case is Cockerham v. Perot, Miss., 19 So. 122, where: By obtaining the time to rebut testimony admitted over objection under a general denial, the party waived the obj ection.
The testimony of the witness Gil-lum was timely objected to on the ground that it was “hearsay”, but was admitted subject to the objection. However, when the defendant offered Mrs. Lea as a witness without qualification and without reserving his rights under his previous objection to the testimony of Gillum, but proceeded to question Mrs. Lea about the same conversation had between her and Gillum, under the authorities quoted above, the defendant waived his objection.
The other errors complained of in the application for a rehearing are considered without merit.
Rehearing refused.