511 So.2d 1287 (1987)
Leonard Stanley MYRES, Plaintiff-Appellant,
v.
Horace NUNSETT & Insurance Lloyds of Dallas, Mrs. Margie R. Myres and Continental Insurance Company, Defendants-Appellees.
No. 18885-CA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1987.
*1288 Leonard S. Myres, in pro. per.
Lunn, Irion, Johnson, Salley and Carlisle, by Brian L. Coody, Shreveport, for Continental Ins. Company and Mrs. Margie R. Myres.
Edward O. Kernaghan, Shreveport, for Horace Nunsett and Insured Lloyds Ins. Co.
Before HALL, FRED W. JONES, Jr. and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
Plaintiff, injured in a rear-end automobile accident appealed a lower court judgment awarding him $1750 ($1000 in general damages and $750 in special damages), and failing to award exemplary damages under La.C.C. Art. 2315.4. We affirm.
On September 29, 1984, at 1:20 a.m., Myres was driving his vehicle West on Milam Street in Shreveport. Myres stopped his vehicle in the 2500 block of Milam near its intersection with Kenneth Street and waited for a person who had flagged him down for a ride about two blocks before. While stopped, the Myres vehicle was rearended by a pickup truck driven by Horace Nunsett (Nunsett subsequently pled guilty to driving while intoxicated).
Dr. Joseph Sarpy treated Myres once a week from October 7 to November 30, 1984. Myres had suffered a strained neck and low back, and he had also bruised his chest. On November 30, 1984, Myres was released as completely pain free with no permanent residual disability or injuries.
Myres filed suit against Nunsett and his insurer, Lloyds of Dallas Insurance Company, and Margie R. Myres, Myres' mother and owner of the vehicle he was driving, and her uninsured motorist carrier, Continental Insurance Company.[*]
The trial court found that the defendant's negligence was the cause of the injuries to plaintiff and the plaintiff was free from fault, and awarded plaintiff $1000 for the injuries to his back and neck and $750 (Myres' medical expenses totaled $1750, but $1000 had already been paid) as compensation for his medical expense.
Myres appealed contending the award was inadequate. In addition, Myres contends that he is entitled to recover exemplary damages under La.C.C. Art. 2315.4. Myres argues that a violation of an ordinance is negligence per se, and Nunsett's actions in operating a motor vehicle while intoxicated was a cause in fact of his injuries and represented a wanton and reckless disregard for the rights and safety of others.

GENERAL DAMAGES
Absent an initial determination that the trial court's very great discretion in the award of general damages has been abused under the facts of the case, a reviewing court should not disturb the trier's award. Reck v. Stevens, 373 So.2d 498 (La.1979).
As the trial judge noted in his written opinion, the treating physician testified to a conservative limited treatment program for Myres. Myres himself testified in a very limited fashion concerning any difficulty he may have sustained as a result of the injuries. The issue of lost income was never substantiated.
Considering the limited testimony relative to the personal injuries suffered by Myres, we cannot say the trial judge abused his "much discretion" in the general damage award. We agree that $1000 is sufficient to compensate Myres for the injuries to his back, neck and chest.

EXEMPLARY DAMAGES
La.C.C. Art. 2315.4 [originally enacted by Acts in 1984, No. 511, § 1, as C.C. Art. 2315.1, redesignated as C.C. Art. *1289 2315.2, and again redesignated as C.C. Art. 2315.4 in 1986] provides:
"In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries."
A number of other states take the position that operating a motor vehicle on the public road after voluntary intoxication in and of itself constitutes sufficient reckless disregard to warrant an award of exemplary damages. Our codal article requires an additional showing that the accident resulting in injury was caused by the voluntary intoxication of a defendant.
In the instant case, Nunsett testified that he pled guilty to DWI on the advice of counsel as it was the most expedient and inexpensive way to dispose of the matter. There was no showing that anything but Nunsett's failure to observe the stopped vehicle caused this rear-end collision. No evidence was presented that indicates Nunsett's drinking was a cause-in-fact of this accident.
For the foregoing reasons we affirm the district court judgment, at appellant's cost.
NOTES
[*] Mrs. Myres was dismissed at the close of taking evidence as there had been no showing of any negligence on her part. In addition, Continental's motion for directed verdict was granted. Myres was not a resident of the insured's (Mrs. Myres) household and therefore was not a covered person under the policy.