WARD, Judge.
In this suit for personal injuries the trial court awarded exemplary damages and penalties and cast in judgment Liberty Lloyds Insurance Company for each. Liberty Lloyds appealed that judgment, filing briefs to support its arguments which center on alleged error in the award of exemplary damages, penalties, and attorneys’ fees. Shortly thereafter, however, Liberty Lloyds was placed in receivership, and the Louisiana Insurance Guaranty Association replaced Liberty Lloyds as a defendant in this lawsuit and as appellant in this appeal. LIGA has adopted Liberty Lloyds’ arguments for reversal and additionally argues that LIGA’s liability under the statute creating it does not extend to payment of exemplary damages, penalties, or attorney’s fees. LIGA contends that the legislation, which creates some limits, restricts its liability to the amount of damages for which Liberty Lloyds provided coverage under its insurance contracts, and this means only compensatory damages, not exemplary damages, nor penalties or attorneys’ fees.
Therefore, this appeal centers on two issues: Liberty Lloyds’ liability for exemplary damages, penalties, and attorney’s fees; and the Louisiana Insurance Guaranty Association’s liability for those items as a guarantor of Liberty Lloyds.
The trial court’s award of exemplary damages was based on a finding that James Parker caused Ernest Laris’ injuries because Parker was driving while intoxicated. The award of penalties and attorneys’ fees stem from that decision. Liberty Lloyds, and now LIGA, argue that the facts do not support an award of exemplary damages.
On February 7, 1991, James Parker backed his vehicle into Ernest Laris’ ear and pinned Laris’ foot between Parker’s truck and Laris’ car bumper. At the time, Laris was working on his stalled car in a convenience store parking lot. Parker was later examined and found to have a .202 blood alcohol level. He pled nolo contendere to the charge of driving while intoxicated. Laris was treated for the various injuries, including a sprain in the right shoulder and an injury to his right foot and leg.
Coincidentally, Parker and Laris were both insured by Liberty Lloyds Insurance Company. Liberty Lloyds provided liability coverage for Parker’s truck, and it provided liability, medical pay, and uninsured motorist coverage for Laris’ automobile.
Laris sued Parker and his insurer, Liberty Lloyds, in its dual capacity as Parker’s liability insurer and as Laris’ uninsured/underin-sured motorist carrier. Liberty Lloyds promptly paid Laris the medical payment limits under his policy, $1,000. As Parker’s liability insurer, it denied liability for most of Laris’ claims, particularly his claim for exemplary damages. As Laris’ underinsured motorist carrier, it did not tender any payment to Laris as its insured, believing Laris’ claim would not exceed Liberty Lloyd’s limit under Parker’s liability policy — $10,000.
The trial court found Parker negligent, and awarded compensatory damages of $10,-950 and exemplary damages of $7,500, finding Parker caused Laris’ injuries by driving while he was intoxicated. The trial court also found that Liberty Lloyds did not make a good faith tender to Laris under its uninsured motorist claim, and held Liberty Lloyds liable for penalties of $5,000 and for attorney’s fees.
Liberty Lloyds, and now LIGA contend that the trial court erred by awarding exemplary damages, claiming that Parker’s intoxication was not the cause of the accident. Louisiana Civil Code Article 2315.4 states:
In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the *444 action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.
In Bourgeois v. State Farm Mutual Automobile Insurance Company, 562 So.2d 1177 (La.App. 4th Cir.1990) writ denied, 567 So.2d 611 (1990), this Court held that a claimant must prove the drinking was a cause-in-fact of the accident, citing Myres v. Nunsett, 511 So.2d 1287 (La.App. 2d Cir.1987), and used “manifest error” as a standard of review of the trial court’s findings of fact as to cause-in-fact of the accident. In this ease we do not find the trial court ruling was manifestly erroneous. It is supported by the record which contains Parker’s plea of nolo conten-dere to the DWI charge, and was offered into evidence as plaintiffs Exhibit 4 without objection by Liberty Lloyds’ counsel. (Tr. Trans. Vol. II page 20). It is also supported by testimony of the results of an examination of Parker which showed a blood alcohol content of .202. Even if the trial court erred by relying on Parker’s plea of nolo contendere, as LIGA now contends, other evidence in the record supports the trial court’s ruling. We therefore find the trial court did not err in awarding exemplary damages.
LIGA correctly contends that the trial court erred by finding the insurer was bound by a standard set in Bourgeois of minimum exemplary damages of $2,500 for driving while intoxicated. In fact, Bourgeois merely said an award of $2,500 exemplary damages “is adequate in this instance”, 562 So.2d 1177, 1184. Each case must stand on its own merits, and reasonable exemplary damages depend upon a wide variety of factors determinative of an amount that would serve to exemplify the wrongful conduct of the defendant, not his insurer. The focus of exemplary damages is on the defendant, the defendant’s conduct, the magnitude of the potential harm arising from it, and even the defendant’s net worth, to assess the probability of deference. See TXO Production Corp. v. Alliance Resources Corp., — U.S.-, -, fn. 28, 113 S.Ct. 2711, 2722, fn. 28, 125 L.Ed.2d 366 (1993) quoting, Pacific Life Insurance Co. v. Haslip, 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991), emphasizing the defendant’s conduct and punishment of it.
Our concentration on Parker as the defendant in this case will not change the award of $7,500. The record shows that Parker was driving a 1974 Dodge truck, and the transcript indicates that Parker is not well educated. The transcript shows nothing else. As a result, even though on its face the trial court’s award of $7,500 in exemplary damages against Parker appears excessive as a means to reprove his wrongful conduct, the record is such that we must defer to the trial court. Ultimately, the exemplary damages must be concentrated on deterring this defendant from this type of action, and must be based on that action’s potential for harm to this victim and to others. TXO, Id., — U.S. at-, 113 S.Ct. at 2722. LIGA, however, simply has not shown error[1] in the trial court’s determination that $7,500 is the proper exemplary award for this defendant’s intoxicated driving.
LIGA also contends the trial court erred by awarding penalties for Liberty Lloyd’s failure to make a good faith payment for an amount due under Laris’ uninsured/underinsured motorist policy. Liberty Lloyds insured Parker for $10,000 liability, and paid Laris $1,000 under its medical pay provision of Laris’ policy. LSA-R.S. 22:1220 requires insurers to adjust claims of its insured fairly, and authorizes an award of penalties if the insurer arbitrarily and capriciously refuses to pay an amount over which reasonable minds could not fail to agree is due to its insured, McDill v. Utica Mutual Insurance Company, 475 So.2d 1085 (La. 1985). LIGA contends the trial court correctly recognized the test, but misapplied it.
LIGA’s argument is that Liberty Lloyds, as liability insurer of Parker, did not owe a duty to settle Laris’ claim. It contends that Liberty Lloyds, as Laris’ uninsured motorist carrier, did not act arbitrarily or unreasonable by refusing to pay Laris’ uninsured motorist claim because reasonable minds *445 could differ as to whether that claim for general and special damages would exceed $10.000.[2] LIGA also argues that Liberty Lloyds as Laris’ underinsured carrier was not arbitrary when it did not anticipate that the trial court would award $7,500 exemplary damages which, when added to the general and special damages, would exceed Liberty’s underlying liability limits under Parker’s policy.
This argument centers on the permissive language of Article 2315.4: “In addition to general and special damages, exemplary damages may be awarded ...” (emphasis ours). LIGA contends that because of the uncertain nature of exemplary damages a UM carrier simply cannot anticipate that damages will be awarded, much less the amount awarded. Stated in other words, LIGA contends the trial court erred by holding Liberty Lloyds, as the UM carrier was arbitrary and capricious for not anticipating uninsured exemplary damages of $7,500, since Laris’ damages would exceed liability policy limits only if the $7,500 exemplary damages are added to compensatory damages.
We find, however, that we do not have to decide whether an uninsured motorist carrier must anticipate exemplary damages when evaluating claims for underinsurance coverage. In this unusual fact situation where an insurer provides both liability coverage and uninsured/underinsured coverage, an insurer is arbitrary by not making some good faith tender of payment to its insured, especially when, as in this case, there is no question but that its underinsured motorist is free of fault. An insurer cannot hide behind its dual role to avoid obligations to the insured. Liberty Lloyds knew without any question that it was liable to the insured one way or the other, either through its liability coverage or through its uninsured coverage, and the refusal to make a tender of payment was a violation of the duty to fairly and promptly settle the claim for the insured. That refusal was arbitrary and capricious. Moreover, it was of such a nature that we do not find the amount of penalties fixed by the trial judge to be excessive, as LIGA now argues.
We also reject LIGA’s argument that it is not liable under the statute creating exemplary damages. LIGA guarantees payment of proven claims that an insurer would pay by reason of coverage under its insurance policy, were it not insolvent. An uninsured/underinsured carrier may be liable to its insured for exemplary damages by the terms of the insurance contract, Sharp v. Daigre, 555 So.2d 1861 (La.1990). In this case the applicable uninsured motorist coverage provides Liberty Lloyds undertake to pay all sums which the insured “shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile,” words almost identical to those in Sharp which provides coverage under the insurance contract. Because LIGA guarantees the insurance contract and Liberty Lloyds was liable under the contract as UM provider, LIGA is liable for the $7,500 exemplary damages awarded to Laris.
We find merit, however, in LIGA’s argument that it is not liable for damages awarded that are not related to the insurance contract—penalties and attorneys’ fees. Penalties and attorneys’ fees arising out of R.S. 22:658 are separate and distinct from the obligation arising out of the contractual relationship under the insurance policy, Can-trelle Fence and Supply Co. v. Allstate Insurance Co., 515 So.2d 1074, 1078 (La.1987). Unlike exemplary damages, which are damages recoverable under the insurance contract’s UM provision, penalties and attorney’s fees are not part of the contract between Liberty Lloyds and Laris. They are obligations imposed by law. They fall outside the scope of “covered claims” contemplated by the Louisiana Insurance Guarantee Association statute. Lastie v. Warden, 611 So.2d 721 (La.App. 4 Cir.1992), writ denied, 614 So.2d 64 (1993). Therefore, because LIGA is a guarantor only of Liberty Lloyds’ *446 contractual obligations, it is not liable for penalties and attorneys’ fees.
For the foregoing reasons, we affirm the judgment of the trial court in so far as it holds LIGA liable for exemplary damages, we amend the judgment to reflect that while Liberty Lloyds may be liable for penalties and attorney’s fees, LIGA is not.
AFFIRMED; AMENDED.

. Whether the standard of review is manifest error or abuse of discretion is not relevant in this case because the record does not support any review of the trial court’s award.

. The trial court awarded $10,950 for both general and special damages. This amount plus legal interest has been paid by Liberty Lloyds as a partial satisfaction of judgment. As it turns out, the award was $11,315.70, exceeding Parker’s underlying liability limits and Laris' medical payment limits by only $315.70.